McCARTHY et al., Appellants, v. THE CASS AVENUE & FAIR GROUND RAILWAY COMPANY.

1.  Practice : JUROR, DISQUALIFICATION OF. It is not every opinion of a juror concerning the matter in litigation which will operate as a disqualification. To have that effect, it must be such an opinion as will influence his judgment in the consideration of the cause. R. S., sec. 2796.

2.  ——— : ———. If a juror has such a bias, or prejudice, against the class of cases to which the one on trial belongs that his judgment will be warped, then he should be set aside, and not accepted as a juror ; but it ought to appear that his bias is such as to influence his judgment.

3.  ——— : ——— : MIXED QUESTION OF LAW AND FACT. The competency of a juror is a mixed question of law and fact, and the finding of the trial court as to his competency ought not to be disturbed, unless it is clearly and manifestly against the evidence.

4.  ——— : NEGLIGENCE OF INFANT : INSTRUCTIONS. No objection can be urged to instructions which, when taken together, as the court instructed they should be, declare that a boy between eight and nine years of age is only required to exercise care and prudence equal to his capacity, age, knowledge, and experience.

*Appeal from St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

AFFIRMED.

*F. X. McCabe* and *A. R. Taylor* for appellants.

(1) The court erred in overruling plaintiffs' challenges for cause directed against jurors Sawyer, Voorhis, Whyte, and Purcell. Each of the jurors named had a disqualifying bias. Sawyer answered that he did have a bias against such a case; that he was prejudiced against all damage cases. There would have to be evidence, *i. e.*, to remove prejudice. The other jurors were of the same disposition, and juror Purcell, who was foreman of the jury rendering the verdict, stated "that it would require pretty strong evidence to make him find a verdict in favor of the plaintiff in a damage case." These jurors, and each of them, had formed an opinion that might affect their verdict. Section 2796, Revised Statutes, governs as to qualifications of jurors in civil cases. (2) The jurors having formed an opinion against plaintiffs' case that might affect their judgment, they were disqualified as jurors in the case. *McComas v. Ins. Co.*, 56 Mo. 573; *State v. West*, 69 Mo. 401. (3) The statute governing in criminal cases (R. S., sec. 1897) has no reference to civil trials. There the legislature has seen fit to make the forming of an opinion upon rumor or newspaper report no ground of incompetency. (4) The instruction numbered six, given for defendant, was error, in that it made it contributory on the part of the deceased child, if he failed to exercise all the care that he was capable of to avoid the injury by which he was killed. Such is not the law. The true rule is, that, if the child exercised ordinary care, according to his age and discretion, he was not guilty of contributory negligence. *Donoho v. Iron Works*, 76 Mo. 404. (5) Instruction numbered six, given for defendant, being on the whole case, cannot be cured by other and correct instructions given by the court

*Leonard Wilcox* for respondent.

(1) The instruction for non-suit, asked by defendant at the close of plaintiffs' case, should have been given. (2) The challenges for cause, made by plaintiffs to jurors Sawyer and Purcell, were properly overruled. R. S., sec. 2796; *State ex rel. v. Bank,* 80 Mo. 626, 633; *Baldwin v. State,* 12 Mo. 223; *Montgomery v. Railroad,* 7 West. Rep. 320; *State v. Burns,* 85 Mo. 49; *State v. Baber,* 74 Mo. 292, 296; *Eckert v. Transfer Co.,* 2 Mo. App. 36, 41; *McComas v. Ins. Co.,* 56 Mo. 573. (3) Instruction numbered six, for defendant, is a correct statement of the law applicable to the facts of this case. *Ostertag v. Railroad,* 64 Mo. 424; *Koons v. Railroad,* 65 Mo. 596; *Harlan v. Railroad,* 65 Mo. 24; *Dowling v. Allen,* 88 Mo. 299. (4) Under plaintiffs' instructions, the jury must have found that defendant was not guilty of negligence as charged.

BLACK, J.—The plaintiffs are the parents of John McCarthy, an unmarried minor. Their cause of action is based upon alleged negligence in violating an ordinance of the city of St. Louis, by which drivers and conductors of street cars are required to keep a vigilant watch for persons on foot, and especially children, either on the track or approaching the same, and, upon the first appearance of danger to such persons, to stop, in the shortest time and space possible.

The first contention is that the court erred in overruling the plaintiffs' challenge to four jurors for cause. The examination of one of them will present the question as to the others, and, as reported in the bill of exceptions, is as follows: Upon a special jury of eighteen being called and sworn, plaintiffs' counsel asked juror Sawyer whether, in an action brought to recover damages under the statutes of Missouri, on account of killing a person, he would have any bias or prejudice one

way or the other; the juror answered that he did have a bias against such a case—that he was prejudiced against all damage cases. Being asked if such bias existed at this time, he answered that it did. Asked if it would require evidence to remove said prejudice in this case, he said in answer: " Well, I suppose there would have to be evidence any way "—that it would require strong evidence.

Counsel for the plaintiffs then made his challenge for cause, and, thereupon, the court asked the juror if he could hear the evidence in the case and render a verdict according to the law and the evidence; the juror answered that he believed he could. By the court: " Suppose a case in hand, one in which the evidence, in other respects, sustains plaintiff's cause of action, could you, under the evidence and instructions of the court, give the plaintiff a verdict?" Answer: "Yes, sir."

Plaintiffs' counsel then asked: "My question still is, would the prejudice that exists in your mind now, against all damage suits, including this, be such that it would require evidence to remove it before you could find a verdict for plaintiffs?" Answer: "If you will allow me I will answer it in this way—if the evidence went to show that the party was entitled to damages, then, as a matter of justice, I would be in favor of awarding damages; otherwise, I could not." Q. "Would you start into the case with a prejudice against it which would require evidence to remove?" A. "Not in this case. I have no prejudice against this case, because I don't know anything about it."

It is not every opinion of a juror concerning the matter in litigation, which will operate as a disqualification. To have that effect, it must be such an opinion as will influence his judgment in the consideration of the cause. This is substantially the rule of the statute. Sec. 2796. Opinions formed, but not of a fixed character, and which readily yield to evidence, do not disqual-

ify the juror. *State v. Walton*, 74 Mo. 270. If he have such a bias or prejudice against a class of cases that his judgment will be warped, then he should be set aside and not accepted as a juror ; but it ought to appear that his bias is such as to influence his judgment.

Again, the competency of a juror is a mixed question of fact and law. It is for the court to try this question of fact, and the finding of the trial court as to the competency of the juror ought not to be disturbed, unless it is clearly and manifestly against the evidence. This rule is to be deduced from what has been heretofore said by this court. *State ex rel. v. National Bank*, 80 Mo. 626 ; *Montgomery v. Railroad*, 90 Mo. 446.

Now, from the examination of the juror in this case, it clearly appears that he had no opinion as to this case. His evidence, as a whole, shows that he was opposed to unfounded personal damage suits ; but if the evidence showed that the plaintiffs were entitled to damages, then he would be in favor of awarding them. What more could be asked of any juror ? But applying the rule before asserted, it becomes clear that we ought not to disturb the finding of the circuit court, as to the competency of these jurors.

For the purpose of the only question of law urged, it is sufficient to say of the evidence, that the boy was between eight and nine years old. As one of the defendant's street cars was going east, on Cass avenue, the boy and his two older brothers saw the conductor was inside collecting fares, and they attempted to jump on for a ride. The older boy got on the car, but John was five or six feet behind, running after the car. At the same time another car on the north track was going west. The boy got on the space between the two tracks, and in his endeavor to avoid the west-bound car and a butcher wagon, which passed at the same moment, he ran against the horses drawing the car going west, and was knocked down by them and run over by the car.

There is but little evidence showing any want of care on the part of the driver, and much that exonerates him from all blame, that he did all in his power to stop the horses and car the instant he saw, or could have seen, the boy.

The instructions given at the request of the plaintiffs, among other things, required the jury to find that the child was exercising ordinary care, according to his age and discretion, to prevent injury to himself.

For the defendant the court gave the following instructions :

" 6. The court instructs the jury that the law requires, even of a boy eight years and eight months old, that he shall exercise such care and foresight in avoiding danger and accident, as he is capable of exercising ; and if the plaintiffs' deceased son failed to exercise such a degree of care, and thereby contributed directly to his injury and death, then plaintiffs cannot recover."

" 7. In determining the capacity of plaintiffs' son to foresee and avoid the danger to which he exposed himself, the court instructs you that it is proper for you to consider, among other facts and circumstances in the case, his age, his experience and knowledge of the risk and danger attending the act of running in the street to catch on to street cars, and the warnings which he may have received from his parents or others."

The objection made to the sixth instruction is that it required a too high degree of care on the part of the boy ; but the court, in express terms, told the jury that all of the instructions were to be taken and read together. When this is done the boy was only required to exercise care and prudence equal to his capacity, age, knowledge, and experience considered. This he was required to do. *Boland v. Railroad*, 36 Mo. 490 ; *Ostertag v. Railroad*, 64 Mo. 424. No question is made over the other instructions.

The judgment is affirmed. All concur.