[No. 21155. In Bank.—July 5, 1895.]

# THE PEOPLE, Respondent, *v.* WILLIAM YOUNG, APPELLANT.

CRIMINAL LAW — HOMICIDE — MOTION TO SET ASIDE INFORMATION. — A motion to set aside an information against a defendant accused of murder, upon the ground that he had not been committed by a magistrate, upon an affidavit to the effect that he was a native of Germany and had a very limited knowledge of the English language, and did not know that he had a right to counsel at the preliminary examination, and did not hear or understand the magistrate to inform him that he had such right, is properly overruled, where it appears from the record of the proceedings of the preliminary examination that the defendant was fully informed of his rights, and stated to the committing magistrate that he desired no counsel and was then ready to have the examination proceed, and the answers of the defendant to the interrogatories put to him by the magistrate indicate a full comprehension on his part of the proceedings before the magistrate.

ID.—APPLICATION FOR INTERPRETER—DISCRETION.—Under section 1884 of the Code of Civil Procedure the court is vested with a discretion in granting or refusing an application of the defendant for an interpreter.

ID.—DEFENSE OF INSANITY—REFUSAL OF COMMISSION TO TAKE TESTIMONY —ADMISSION OF FACTS BY PROSECUTION—REJECTION OF DEFENDANT'S BELIEF.—It is not error for the court to refuse to issue a commission to take testimony of witnesses residing in Germany, upon application of a defendant accused of murder, proposing to show by the testimony of the witnesses "that the father of the defendant was insane, was confined in an asylum and died insane; that his sister was subject to epileptic fits and died insane, and that the defendant is subject to epileptic fits, and that he believes that the witnesses will testify that from their knowledge of him, his conduct, his conversation with them, and observation of his conduct, that they believe and are of the opinion that he, defendant, is of unsound mind," where the prosecution admitted the facts that the defendant desired to prove as to the mental condition of his father and sister; and, it appearing by the record that the appellant had been a resident of the state of California for seven years immediately prior to the trial, and had been afflicted with but one epileptic fit in this state, the court was justified in rejecting his belief as to what the witnesses would testify as to their opinion of his insanity, many years prior to the trial.

ID.—CHALLENGE TO PANEL OF TRIAL JURORS—NAMES NOT UPON ASSESSMENT-ROLL.—The fact that the names of two of the trial jurors summoned upon the panel were not found upon the assessment-roll for the preceding year, and were excused by the court for that cause, does not invalidate the panel or afford ground for a challenge to the panel.

ID.—UNCERTIFIED LIST OF TRIAL JURORS—PROOF OF IDENTITY.—Where the county clerk and the clerk of the board of supervisors are the same, the fact that the list of trial jurors, as provided in section 208 of the Code of Civil Procedure, was not certified when filed with the county

clerk, is not ground for a challenge to the panel, it appearing that the list of trial jurors was regularly drawn under the order of the court, and the county clerk testified as to the identity of the list at the time of the challenge, and that he was then and there ready to attach to the list the certificate required by the statute.

ID.—DOUBT AS TO IDENTITY OF LIST.—If there were the slightest doubt as to the identity of an uncertified list of jurors the entire panel should be set aside.

ID.—SPECIAL VENIRE—APPOINTMENT OF ELISOR.—Where, as matter of caution, the district attorney made a showing which, in the opinion of the court, disqualified both the sheriff and coroner, it is not error for the court to appoint an elisor to summon a special venire of jurymen.

ID.—EVIDENCE—CONVERSATION WITH DECEASED—OWNERSHIP OF PURSE—CONDUCT OF DEFENDANT.—Where the defendant admitted the possession of a purse by the deceased at the time when he was shot, and a conversation occurred in presence of the defendant between the deceased and a witness as to the ownership of the purse which was found in the possession of the defendant at the time of his arrest, and defendant neither affirmed nor denied the statement of the deceased that the purse was his property, evidence of such conversation is admissible, and the conduct of the defendant under the circumstances is a fact which the jury were entitled to consider.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. N. A. DORN, Judge.

The facts are stated in the opinion of the court.

*Wallace M. Pence,* for Appellant.

Defendant was entitled to an interpreter as a matter of right. (Code Civ. Proc., sec. 1884; *Schall* v. *Eisner*, 58 Ga. 192.) The court erred in refusing a commission to take testimony. (*People* v. *Smith*, 31 Cal. 466; *People* v. *Goldenson*, 76 Cal. 328, 340; *People* v. *Lundquist*, 84 Cal. 23, 26.) The challenge to the panel should have been sustained for selecting jurors not on the assessment-roll. (Code Civ. Proc., secs. 204–06; *Nealon* v. *People*, 39 Ill. App. 489.) The failure to file a certified list with the clerk vitiated the panel. (Code Civ. Proc., sec. 208; *People* v. *Davis*, 73 Cal. 359; *State* v. *Greenman*, 23 Minn. 209; *State* v. *Schumm*, 47 Minn. 373.) The court had no right to appoint an elisor until after the challenge was entered both against the sheriff and the coroner. (Code Civ. Proc., sec. 226; Pol. Code, 4191,

4192; *Bruner* v. *Superior Court*, 92 Cal. 239.) The court erred in admitting the conversation between the witness Matthews and the deceased in reference to the ownership of the purse. (*People* v. *Ah Yute*, 54 Cal. 89; Wharton's American Criminal Law, sec. 696; 3 Rice on Criminal Evidence, sec. 318.)

*Attorney General W. H. H. Hart*, and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

The appointment of an interpreter was discretionary with the trial judge. (Code Civ. Proc., sec. 884.) The issuance of commission was discretionary. (Pol. Code, sec. 1354; *People* v. *Goldenson*, 76 Cal. 328.) The presence of two unqualified names upon the panel of the trial jurors was not a material departure from the forms prescribed by the code. (Pol. Code, sec. 1059.) The elisor was properly appointed. (Pol. Code, sec. 4192.)

GAROUTTE, J.—This is an appeal from a judgment sentencing the appellant to suffer the death penalty upon a conviction for murder, and from an order denying his motion for a new trial.

1. A motion was made to set aside the information upon the ground that the defendant had not been legally committed by a magistrate. In support of the motion the defendant, Young, presented his affidavit to the effect that he was a native of Germany, and had a very limited knowledge of the English language; that he did not know or understand that he had a right to counsel at the preliminary examination, and that he did not hear or understand the magistrate inform him that he had such right. As opposed to the motion, the prosecution introduced a part of the record of the proceedings of the preliminary examination, from which it appeared that the defendant was fully informed of his rights, and thereupon stated to the committing magistrate that he desired no counsel, and was then ready to have the examination proceed. The answers of the defendant to the interrogatories put to him at the time by the magistrate indicate a full comprehension upon his part of the

nature and character of the proceedings that were about
to take place, and a full understanding of the facts, at
the time he declined the aid of counsel.   Neither did
the trial court commit an error in denying his applica-
tion for an interpreter.   Under section 1884 of the Code
of Civil Procedure the court is necessarily vested with
a discretion in granting or refusing such an application,
and we see no abuse of that discretion in this case.

2. Appellant, upon affidavits, asked for a commission to
take the testimony of certain witnesses residing in Berlin,
Germany.   In such affidavits it was proposed to show
by the testimony of said witnesses " that the father of
defendant was insane, was confined in an asylum and
died insane; that his sister was subject to epileptic fits
and died insane, and that the defendant is subject to
epileptic fits; and he verily believes that said witnesses
will testify that from their knowledge of him, his con-
duct, his conversation with them, and observation of
his conduct, that they believe and are of the opinion
that he, defendant, is of unsound mind."   As opposed
to the issuance of the commission, the people stipulated
as a fact " that the father of defendant was insane, was
confined in an asylum and died insane; that his sister
was subject to epileptic fits and died insane"; and there-
upon the court refused to issue the commission.   In
relation to the issuance of commissions, section 1354 of
the Penal Code declares: " If the court to whom the
application is made is satisfied of the truth of the facts
stated, and that the examination of the witness is neces-
sary to the attainment of justice, an order must be made
that a commission be issued to take testimony."   The
prosecution admitted all that the appellant desired to
prove as to the mental condition of his father and sister;
hence, we deem the object and purpose of a commission
to take testimony as to them was gone; and, as to the
balance of the showing made, we are satisfied the trial
court was justified in holding it insufficient.   We think
the court could well say that it was not convinced that
the examination of these witnesses was necessary to the

attainment of justice. We think this true for many reasons, for the showing was inherently weak. It appears, by other portions of the record, that the appellant had been a resident of the state of California for seven years immediately prior to the trial. By his own evidence, he had been afflicted with but one epileptic fit in this state; hence, the evidence of these witnesses as to epileptic fits could only refer to a time many years ago, when he was but a youth, and he appears to have practically outgrown his affliction as age came upon him. As to the remainder of the showing, wherein affiant "believes that said witnesses will testify that . . . . he is of unsound mind," we think the court was right in rejecting his belief upon the matter. Some thing more than his mere belief as to what the witnesses would testify to was demanded.

3. The appellant challenged the panel of trial jurors upon various grounds. The fact that the names of two of the jurors upon the panel were not found upon the assessment-roll for the preceding year does not invalidate the panel. That fact being brought to the attention of the court, they were excused for cause, and no possible harm could have resulted to appellant by the mistake of the board of supervisors in placing their names upon the list of jurors for the year. It is further insisted that no certified list of trial jurors, as provided in section 208 of the Code of Civil Procedure, was ever placed in the possession of the county clerk. It appears by the testimony of the clerk of the board of supervisors that three hundred trial jurors were regularly drawn under the order of the court to serve for the ensuing year; that these names were entered upon a piece of paper by the clerk of said board, and this paper placed in the possession of the county clerk, without the certificate contemplated by the statute, and from this paper the names were taken and placed in the trial jury box. These matters all came under the personal knowledge of the witness, and he further testified that he was then and there ready to attach to the list the certificate required.

The procedure here practiced is not a commendable one, and should never be resorted to. It might result in the total miscarriage of justice, but, in this case, we see nothing whatever infringing upon appellant's rights. There is no question but that the list of jurors, as drawn by the board of supervisors, was the same list that went into possession of the county clerk, and from which the names were taken and placed in the trial jury box. If there was the slightest doubt as to the identity of the list we would not hesitate a moment in ordering the entire panel set aside; but there is no such doubt. The county clerk and the clerk of the board of supervisors are the same. Hence, these facts were essentially within the knowledge of the official having possession of the uncertified list, and we see no reason why he could not at the trial have attached the certificate contemplated by the law to the list. In *State* v. *Greenman*, 23 Minn. 209, there appeared to be a doubt as to the identity of the list.

4. A special venire was challenged upon the ground that it was summoned by an elisor, to the exclusion of the sheriff and coroner. From extreme caution the district attorney made a showing which, in the opinion of the court, disqualified both of these officers, and for that reason the elisor was appointed. There is no error in this action of the court.

5. The appellant, after his arrest, was brought into the presence of the wounded man, and a conversation then occurred between the deceased and a witness as to the ownership of a certain purse found upon the appellant at the time of his arrest. This line of examination is claimed to be error, but we think it authorized under the law. The appellant was present at the time, in a position to hear and see all that occurred, and neither affirmed nor denied the statement of the deceased to the effect that the purse was his property. His conduct, under the circumstances, is a fact to which the jury were entitled. (*People* v. *Mallon*, 103 Cal. 513.) It might be further suggested, in answer to appellant's

claims that his evidence was all the evidence offered at the trial as to the ownership of the purse, that appellant's own admissions placed the possession of the purse in the deceased at the time he was shot.

6. We see nothing objectionable in the character of the cross-examination of the appellant, and the verdict of the jury is fully supported by the evidence. The theory of the prosecution pointed to a murder for the purpose of robbery. The theory of the defense outlined an accidental killing by defendant, while under the influence of liquor. These two theories were squarely and fairly presented to the jury, and, by the verdict, the jurors rejected appellant's defense as one not true, but manufactured for the occasion. This defense had nothing to support it save appellant's own testimony; this the jurors disbelieved, and the credibility of his evidence was a matter essentially resting with them.

7. We have carefully examined the law given by the court to the jury, and consider it a full and fair charge when considered in connection with the evidence. We see nothing in the remaining specifications and assignments of error demanding a reversal of the judgment and a new trial of the case.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

McFARLAND, J., HENSHAW, J., HARRISON, J., and VAN FLEET, J., concurred.