[Sac. No. 871.   Department Two.—March 28, 1902.]

JOSHUA BAKER, Respondent, v. F. M. BORELLO et al., Appellants.

NEGLIGENCE—VICIOUS HORSE—KNOWLEDGE OF VICIOUS HABIT—CONFLICT-ING EVIDENCE.—In an action to recover damages for personal injuries received from a vicious horse of the defendants, a finding that the defendants knew that the horse was vicious and dangerous, and was in the habit of striking and kicking, is sufficiently supported by evidence tending to prove such knowledge, notwithstanding conflicting evidence to the contrary.

ID.—EVIDENCE—STRIKING OUT ANSWER AS NOT RESPONSIVE.—The action of the court in striking out an answer of a witness, as not responsive to a question, is not ground for a reversal, where the answer was ambiguous, and error in the court's construction of it is not clear, and the question could have been easily reframed so as to leave no doubt of the meaning of the witness.

ID.—CROSS-EXAMINATION OF MEDICAL WITNESS—PERMANENT INJURY.—Where a medical witness had testified that plaintiff's shoulder was partially dislocated, and that the injury to the shoulder was permanent, a question asked on cross-examination, if the permanent injury to the shoulder was the necessary result of the dislocation, was properly disallowed.

ID.—CARE IN PROCURING MEDICAL AID—STRIKING OUT IMMATERIAL TESTIMONY.—The court properly permitted the plaintiff to prove ordi-

nary care in procuring medical aid, and that he called in a leading physician, to whose good reputation he testified, to treat his wound. The testimony of another medical witness, that the treatment might have been better, was of no value as evidence relevant to the question of the ordinary care of the plaintiff in procuring medical aid, and it was not prejudicial error to strike it out.

ID.—CHALLENGE OF JUROR FOR BIAS—COMPETENCY.—A challenge of a juror for bias, who was not acquainted with the plaintiff, is not to be determined from a single question as to a mere abstract bias in favor of one in plaintiff's position, where from his whole testimony, considered together, it cannot be said that the court erred in holding the juror competent.

ID.—INSTRUCTION AS TO VERBAL ADMISSIONS—PROVINCE OF JURY—APPELLANTS NOT PREJUDICED.—An instruction upon the subject of verbal admissions which relates to verbal admissions of the appellants, conceding it to have been erroneous, as invading the province of the jury, is not ground of reversal where it appears that it sought to lessen the weight of the admissions, and could not have prejudiced the appellants.

ID.—ORDER DENYING NEW TRIAL—AMENDMENT OF BILL OF EXCEPTIONS—INSTRUCTION REQUESTED BY APPELLANTS—RECORD.—A bill of exceptions on motion for a new trial cannot be amended by the respondent after the trial court has passed upon and denied the appellants' motion for a new trial, so as to insert a statement that the instruction upon the subject of admissions was requested by the appellants; and the record must be considered as though the instruction was given by the court of its own motion.

ID.—INSTRUCTION AS TO WEIGHT OF EVIDENCE—GENERAL KNOWLEDGE OF JURY.—An instruction as to the weight of evidence was not erroneously modified by striking out the words "from your general knowledge, taken in consideration with the evidence." Jurors in weighing evidence always exercise their judgment in the light of their own general knowledge of the subject in hand, whether so instructed or not; and a judgment will not be reversed, whether they are or are not so instructed.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. W. O. Minor, Judge.

The facts are stated in the opinion of the court.

J. W. Knox, P. F. Dunne, and W. D. Crichton, for Appellants.

The plaintiff held the affirmative of the issue as to scienter, which required proof by a preponderance of evidence. (Code

Civ. Proc., sec. 2061, subd. 5.)    And where the evidence on
that material point of liability was evenly balanced, as in this
case, the defendant is entitled to the verdict.   "That is a rule
which ought never to be lost sight of."   (*Baulec* v. *New York
etc. R. R. Co.*, 59 N. Y. 356;[1] *Hayes* v. *Forty-Second Street etc.
R. R. Co.*, 97 N. Y. 262; *Smedis* v. *Brooklyn etc. R. R. Co.*, 88
N. Y. 23; *Dobbins* v. *Brown*, 119 N. Y. 193; *Lombardi* v. *Cali-
fornia Ry. Co.*, 124 Cal. 311, 316-317.)    The court erred in
striking out the cross-examination of Dr. Whitlock as to the
permanency of the injury.   Nothing is better settled than that
a condition of permanency, to figure as an element in the
computation of damages, must be something more than a prob-
ability,—must attain to the proportions of a reasonable cer-
tainty.   (*Curtis* v. *Rochester R. R. Co.*, 18 N. Y. 534;[2] *Hardy*
v. *Milwaukee Street Ry. Co.*, 89 Wis. 183; *Raymond* v. *Kese-
berg*, 91 Wis. 191; *Louisville etc. R. R. Co.* v. *Minogue*, 90 Ky.
369.[3])    The instruction as to verbal admissions is contradic-
tory, and if either aspect of it be erroneous there must be a
new trial.   (*People* v. *Wong Ah Ngow*, 54 Cal. 151;[4] *People
v. Valencia*, 43 Cal. 552; *Chidester* v. *Consolidated etc. Ditch
Co.*, 53 Cal. 56; *People* v. *Bush*, 65 Cal. 129, 134; *Sappenfield
v. Main Street etc. R. R. Co.*, 91 Cal. 48, 59; *Green* v. *Southern
Pacific Co.*, 122 Cal. 563, 567.)

James F. Peck, J. F. McSwain, F. G. Ostrander, and F. W.
Henderson, for Respondent.

The superior court passed not merely upon the question of
conflict of evidence, but, by denying the new trial, declared
its opinion regarding the *preponderance* of evidence on the
fact of "knowledge" in concurrence with the jury.   (*In re
Martin*, 113 Cal. 481; *Jones* v. *Sanders*, 103 Cal. 679; *Warner
v. Thomas etc. Works*, 105 Cal. 411; *Domico* v. *Casassa*, 101
Cal. 411.)    The most that counsel can claim as to defendants'
knowledge is a conflict of evidence, and under well-settled
rules this cannot avail them.   (*California Bank* v. *Sayre*, 85
Cal. 102; *Woody* v. *Bennett*, 88 Cal. 241; *Reay* v. *Butler*, 95
Cal. 206; *Priest* v. *Brown*, 100 Cal. 635; *Shafer* v. *Willis*,
124 Cal. 36.)    The instruction as to verbal admissions was
in  fact  given at appellants'  request.    This court will

[1] 17 Am. Rep. 325.                    [3] 29 Am. St. Rep. 378.
[2] 75 Am. Dec. 258, and note.          [4] 35 Am. Rep. 69.

therefore indulge all presumptions against error, and will assume that the instruction, if erroneous, was given by the court at the request of the defendants. (*Gray* v. *Eschen,* 125 Cal. 1; *People* v. *Owens,* 123 Cal. 482.) The testimony of Dr. Lilley criticising the treatment of Dr. Wade was properly stricken out. The only question was whether the respondent exercised good faith and ordinary care in calling in a physician, which he was compelled to do by the fault of defendants. The skill of Dr. Wade in the mode of treatment was not in issue. (*Berniaud* v. *Beecher,* 76 Cal. 394; Thompson on Negligence, 1091; Cooley on Torts, 683; *Collins* v. *City of Council Bluffs,* 32 Iowa, 324;[1] *Loeser* v. *Humphrey,* 41 Ohio St. 378;[2] *Selleck* v. *Janesville,* 100 Wis. 157.[3])

McFARLAND, J.—The verdict and judgment were for plaintiff in the court below, and defendants appeal from an order denying their motion for a new trial. They also took an appeal from the judgment; but that appeal was afterwards dismissed.

The action is to recover damages for personal injuries received by respondent from the kicking, trampling, etc., of an alleged vicious horse of appellants. The law governing such actions is quite fully stated in the opinion of Mr. Justice Henshaw in *Clowdis* v. *Fresno Flume Co.,* 118 Cal. 315,[4] and need not be here restated.

The only specification of the particulars in which the evidence is insufficient to justify the verdict is, that "it is not proved that defendants at the time said horse is alleged to have been left with plaintiff knew, or for a long time previous thereto did know, that said horse was wild, dangerous, or vicious, or that said horse was in the habit of striking and kicking." Appellants' counsel argue that there was not a preponderance of evidence to the point that appellants had such knowledge of the vicious character of the horse; but as to this contention it is sufficient to say that there was clearly such a conflict of evidence on the subject as to preclude us from disturbing the finding of the jury on that question. There is no specification that the evidence did not justify the finding

[1] 7 Am. Rep. 200.

[2] 52 Am. Rep. 86.

[3] 69 Am. St. Rep. 906.

[4] 62 Am. St. Rep. 238.

that the horse was in fact vicious, or that the amount of the verdict is excessive; nor is there any specification of particulars in which the evidence did not justify the verdict in any other respect.

There are a number of exceptions to rulings of the court as to admissibility of evidence, and to instructions given and refused; and we will notice those of them which call for attention. Dr. Whitlock, a medical witness for plaintiff, testified that he had examined the plaintiff a few days before the trial, and described his condition, and said, among other things, that he thought there had been a partial dislocation of the shoulder-joint, and that the injury to the shoulder was permanent. On cross-examination he was asked: "Now, is an injury of that character capable of being remedied so that a man's shoulder *can be placed in the same condition* as it was before the injury?" He answered: "Oh, yes; we reduce dislocations of shoulder-joints." Plaintiff's counsel moved to strike out this answer upon the ground that it was "not responsive to the question"; the court granted the motion, and appellants contend that this ruling was erroneous, and was of sufficient importance to call for a reversal. The court saw and heard the witness, and had the opportunity of observing the manner, emphasis, etc., with which he gave the answer, and we cannot say that there was error in construing the language used as though the word "yes" referred to and was intended to be a part of the main body of the answer which followed. Appellants could easily have asked the question again, or reframed it, so as to leave no doubt of the meaning of the witness; and, under any view, the matter was not of sufficient importance to warrant a reversal. This witness was also asked on cross-examination if the permanent injury to which he had testified was "the necessary result of such a partial dislocation of the shoulder," and an objection to the question that it was not proper cross-examination was sustained, and appellants assign this ruling as error. This ruling was not erroneous; the witness had not testified in chief to the cause of the injury.

The plaintiff testified that Dr. Wade was his attending physician, and appellants contend that the court erred in allowing him to testify: "I think Dr. Wade is the leading physician there; has been since I have been there," and that he knew the

doctor's reputation as a physician, and that it was good. There was no error in this ruling. A party injured by the tort of another must not, by his negligence or willfulness, allow the damages to be unnecessarily enhanced; and if he does so he cannot recover for the increased loss. But "the measure of his duty in this respect is ordinary care and diligence." (Sutherland on Damages, 2d ed., secs. 88, 155.) And "one who is injured by the negligence of another is bound to use ordinary care and diligence in securing medical or surgical aid; but he is bound to no higher degree of care and diligence." (*Louisville etc. R. R. Co.* v. *Falvey*, 104 Ind. 424.) It was proper, therefore, for the respondent to show that he had used due care by employing a well-known and reputable physician to treat his wounds. Neither do we think that the appellants were injured by the ruling of the court striking out the testimony of their witness, Dr. Lilley. He testified that he had heard plaintiff's statement as to the treatment of his arm by Dr. Wade, and that he (the witness) had recently examined the arm, and said: "My opinion would be, judging from the plaintiff's statement, and also from the present condition of his arm, that the treatment *might have been better.*" Having been asked if the treatment was such "as would have been administered by a skillful physician," he answered, "Well, the treatment is not the same, I think, as a skillful physician would administer to-day, not such as our knowledge of surgery would indicate as the best treatment." On having been asked, "Is it the same as a skillful physician would have administered in the fall of 1897," he answered, "*Probably not.*" (When granting the motion to strike out the court recited a statement of the witness about the correctness of which counsel differ; but that matter need not be considered.) It is not necessary to determine whether or not *any testimony* of this kind would have been admissible. It might be forcibly argued that the necessity of medical treatment, and the danger of such treatment being unskillful, are the ordinary consequences of personal injuries to a plaintiff caused by the wrongful act of a defendant. But, under any view, the rarefied and almost colorless testimony of the witness was of no value as evidence against the exercise of ordinary and reasonable care by respondent in employing medical aid,—which is the point at issue on this

subject. There are no other points made on the subject of the admissibility of evidence which call for special notice.

It was not error for the court to deny appellants' challenge to the juror Turner on the ground of his bias in favor of plaintiff. The juror was entirely unacquainted with plaintiff, or any party to the suit, but it is claimed that he had a general, abstract bias in favor of a party in the position of plaintiff. The conclusion which the court below reached was one to be drawn not from any particular answer which the juror made to a question asked him, but from his whole testimony; and considering his testimony as a whole, we cannot say that the court erred in holding the juror competent.

Appellants contend for a reversal because the court erroneously gave instruction marked 18, which is as follows: "The court instructs the jury that although parol proof of the verbal admissions of a party to a suit, when it appears that the admissions were understandingly and deliberately made, often afford satisfactory evidence, yet, as a general rule, the statements of witnesses as to the verbal admissions of a party should be received by the jury with caution, as that kind of evidence is subject to imperfection and mistake. The party himself may have been misunderstood, or may not have clearly expressed his meaning, or the witness may have misunderstood him; and it frequently happens that a witness, by unintentionally altering a few expressions really used, gives an effect to the statement completely at variance with what the party did actually say. But it is the province of the jury to weigh such evidence and give it the consideration to which it is entitled, in view of all other evidence in the case.'' Respondent asserts that this instruction was given at the request of appellants, and moved to have the bill of exceptions amended so as to show that fact. But this court held that although the judge of the court below found that the instruction, substantially as it was given, was presented and asked for by appellants, and that only one or two unimportant amendments thereto were made to it by the court, still the bill of exceptions could not be amended after the trial court had passed on the motion for a new trial; and the motion to amend was denied. (*Baker* v. *Borello,* 131 Cal. 615.) Therefore, for the purpose of this appeal, the record must be considered as showing that the instruction was given by the court of its own

motion. But the instruction might well have been asked for by appellants; and conceding it to have been erroneous, as encroaching on the province of the jury, it is impossible to see how it could have injured appellants. They were "the party to the suit" against whom there was evidence of "verbal admissions"; and the effect of the instruction was to give them the aid of the court in their effort to break down that evidence or lessen its weight. The preliminary statement in the instruction, that when it appears that the admissions were "understandingly and deliberately made" they "often afford satisfactory evidence," does not at all change the effect of the language; indeed, it rather increases the force of the language which follows.

Instruction No. 11 was asked by appellants and given with certain modification. It begins, "If you find from the evidence," followed by this clause, "and from your general knowledge taken in consideration with the evidence." The court struck out this latter clause, and appellants contend that by so doing it committed an error calling for a reversal. The language stricken out differs considerably from that used in the authorities cited by appellants. Those authorities are reviewed in the recent case of *Beveridge* v. *Lewis* (L. A. 973; 67 Pac. 1049); and the general proposition on the subject is, that jurors, "in weighing the evidence," may exercise their judgment "in the light of their own general knowledge of the subject about which the evidence has been introduced." It was held in that case that a judgment would not be reversed because an instruction to that effect had been given; but the converse—that is, that a judgment should be reversed for a refusal to give such instruction—is not the law. Jurors, in weighing evidence, always exercise their judgment in the light of their own general knowledge of the subject in hand, whether instructed to do so or not; and a judgment will not be reversed whether they are or are not so instructed. In *Beveridge* v. *Lewis* it was said that the instruction there given "could have done no harm, for it merely permitted the jury to do what they necessarily and inevitably would have done if the instruction had not been given." Therefore, if the part of the instruction stricken out had been in the exact language of any of the authorities cited, the ruling complained of would not have called for a reversal.

Some other minor points are made by appellants which we do not consider it necessary to specially notice. It is sufficient to say that in our opinion they are not tenable. The rulings of the court correctly and fairly presented the case to the jury. The main question was as to appellants' foreknowledge of the viciousness of the horse, and on that issue the jury were not erroneously circumscribed in the exercise of their judgment.

The case is exceedingly well argued by both sides; but it is to be regretted that counsel for respondent, in one part of their brief, indulge in unnecessary and unwarranted personal criticism of counsel for appellants. The exceptionable language used lessens the strength of the argument, and "cannot but make the judicious grieve."

The order appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.