[S. F. No. 2896.   In Bank.—March 27, 1905.]

# GEORGE D. GRAYBILL, Appellant, v. MICHEL H. DE YOUNG, Respondent.

JURORS—CHALLENGE FOR BIAS—MIXED QUESTION OF LAW AND FACT— REVIEW UPON APPEAL.—Upon the challenge of a prospective juror for bias, the question whether the juror is fair and impartial and should be allowed to sit in the case is a mixed question of law and fact to be determined in the first instance by the trial judge, who is in a better position to judge of his fairness than this court, which will interfere with the determination of that question only when the evidence upon the *voir dire* is such that it can be said from it as matter of law that the juror is so prejudiced or biased in the case that he will not be a fair juror.

ID.—ACTION FOR LIBEL—CHALLENGE TO NEWSPAPER MAN.—In an action for libel, where a juror challenged for bias stated that he was in the newspaper business, as editor and proprietor of a paper, that

he associated actions for libel in somewhat the same character as speculations, in many instances unwarranted by the facts, and that he thought that the fact of his being a newspaper man and his adverse opinion of damage suits might create a prejudice in his mind, and make him unfit to act as a juror; but also stated, in response to questions, that he would try the case only upon the evidence adduced in court, and upon the law given by the court, it cannot be said as matter of law that the court erred in overruling the challenge. [Shaw, J., and Beatty, C. J., dissenting.]

APPEAL from an oder of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.

Walter H. Linforth, and Linforth & Whitaker, for Appellant.

Lloyd & Wood, and P. F. Dunne, for Respondent.

GRAY, C.—This is an action for libel. The plaintiff had a verdict and judgment in his favor for the sum of one dollar. The appeal is by the plaintiff from an order denying him a new trial.

The appellant contends that the order should be reversed because his challenge to William V. Bryan on his examination touching his qualifications to act as a juror was denied, and he was therefore compelled to exercise a peremptory challenge on said Bryan, and this is the only point made for a reversal.

The challenge to Bryan was upon the ground "that he is in a state of mind evincing bias against the plaintiff," and was based on subdivisions 1 and 7 of section 602 of the Code of Civil Procedure.

The testimony of the juror was to the effect that he was in the newspaper business, was the editor and proprietor of the Traveler. He associated actions for libel "in somewhat the same character as speculations," and felt that in many instances they were unwarranted by the facts. He seemed to have this same opinion of "any kind of damage suit." He thought the fact of his being a newspaper man and his adverse opinion of damage suits might create a prejudice in his mind and make him unfit to act as a juror. He did, however, say

in response to questions that he would try the case upon the evidence and upon the law given by the court, meaning no doubt that he would be guided by the instructions of the court as to the law of the case, and beyond this would consider only the evidence produced in court. He seems to have had no acquaintance with the parties to the suit and no knowledge of the facts involved in the case.

Whether a prospective juror is fair and impartial and should be allowed to sit in the case is a mixed question of law and fact to be determined in the first instance by the trial judge. This court should interfere with the determination of that question only when the evidence adduced on the *voir dire* is of such a character that it can be said from it, as a matter of law, that the juror is so prejudiced or biased in the case that he will not be a fair juror. (*Reynolds* v. *United States,* 98 U. S. 145; *McCarthy* v. *Cass Ave. etc. Ry. Co.,* 92 Mo. 536; *Baker* v. *Borello,* 136 Cal. 160.) In this connection we should not overlook the fact that the trial judge, with the proposed juror before him, is in a far better position to judge of his fairness, and of the probable effect that any alleged bias may have upon his decision, than this court can be placed in to judge of the same question. The trial judge sees as well as hears the juror; this court can only read what he has said. And while this court will set aside the action of the trial court in accepting an obviously unfair juror, we do not think the case before us is one of that kind. If what the juror evidently meant to say, and in effect did say,—that he would try the case on the evidence adduced in court uninfluenced by the fact that he was a newspaper man, and disregarding any feeling that this kind of a case was sometimes maintained for purposes of speculation,—was true, then he was a fair juror, and if the trial judge believed from what he said and the way in which he said it that he was not biased or prejudiced, then it was the duty of the trial judge to deny the challenge, and there was no error in so doing. Several cases are cited in support of appellant's contention, but most of them are based upon facts entirely different from the present case. The case cited most nearly resembling this one is *Quill* v. *Southern Pacific Co.,* 140 Cal. 268. In that case, however, the evidence of the prejudice of the jurors was much stronger than here, and besides the jurors there refused to state that

they would be bound by the evidence as in ordinary cases, but thought, on the contrary, that their prejudice against the class of cases to which that case belonged would color their verdict. Here the answers of the juror tended to show that he would be bound by the evidence, and in that respect the two cases are clearly distinguishable.

We advise that the order appealed from be affirmed.

Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., McFarland, J., Henshaw, J., Lorigan, J.

ANGELLOTTI, J., concurring.—I concur in the judgment and in the views expressed in the opinion. The only possible ground for the contention that the juror was biased or prejudiced was his testimony relative to his feelings in regard to damage suits. He was a client of one of plaintiff's attorneys, did not know the parties, so far as appears had not heard or read of the case, and knew nothing about it. He gave some testimony tending to show that he had "some sort of prejudice" against not only actions for damages for alleged libels, but against any kind of damage suits. His answers to questions indicated that he believed that such actions were often unwarranted by the facts and "of the same character as speculations." While some of his expressions might be construed as indicating such a state of mind as would render him an unfair juror, taking the whole of his testimony into consideration, I cannot say that the judge of the court below, who saw the juror and heard him testify, was not warranted in finding that his feeling in regard to damage suits was not of such a nature and extent as to interfere at all with the proper discharge of his duties as a juror.

SHAW, J., dissenting.—I dissent. In answer to questions, the juror said at the outset of his examination, "I have a sort of prejudice which might be removed by the evidence," and that if he were the plaintiff he would not like to have his cause tried by a jury of twelve men in the same frame of mind he was then in. He never denied or disclaimed the existence of this prejudice. In his subsequent examination

he declared that if sworn as a juror he would try the case upon the evidence and upon the law given by the court. The last questions put to him were these: "Would you enter upon the trial of the case with a prejudice against the plaintiff?" Answer—"I think I would." "Would you try the case upon the evidence in court, and decide it according to the instructions of the court?" Answer—"I could not consistently do anything else." "Would you do that?" Answer —"Yes, sir." This closed the examination, and the answers quoted give the strongest statement he could make in favor of the plaintiff. He does not in those answers wherein he says that he would try the case upon the evidence and the law as given by the court, deny or dispute the existence of the prejudice in his mind. A prejudiced man can and does try the case upon the law and the evidence in the case, for if he has no knowledge of the facts, and this juror had none, there is nothing else upon which his mind can operate. The real inquiry is not whether he will try the case upon the law and the evidence, but whether he can and will do so fairly and impartially; whether he can and will do so without the bias which is made ground for challenge by subdivision 7 of section 602 of the Code of Civil Procedure. The juror repeatedly said he could not do this. Nowhere in his examination does he say, either expressly or in substance, that he can lay aside this bias and try the case impartially. The plaintiff was entitled to exercise four peremptory challenges upon jurors not subject to challenge for cause, and by the denial of this challenge he was deprived of this right. I think the judgment should be reversed.

BEATTY, C. J., dissenting.—I dissent. A juror who goes into the box with a bias against either party, from whatever cause arising, cannot try the case fairly. The evidence of the juror Bryan showed clearly, and without any real qualification, that he was biased against the plaintiff. No distinction in principle can be made between his disqualifying admissions and those of the two jurors held to have been disqualified for bias in *Quill* v. *Southern Pacific Co.*, 140 Cal. 268. The evidence there may have been a little stronger, but it was the same in kind and proved only the same facts. Those jurors had a prejudice against actions for damages, and they

admitted that if the case was their own they would be unwilling to submit the issues to jurors feeling as they did. In this case the examination of the juror Bryan closed with this question and answer:—

"Q. If you were the plaintiff in this cause, would you be willing to have your cause tried by a jury of twelve men in the same frame of mind you are now in?—A. No, sir; I don't think I would."

As an honest man he could not deny that he would be unwilling, if the cause was his, to submit it to jurors feeling as he did, and his previous answers only lend force to the admission.