[Crim. No. 259. Second Appellate District.—November 27, 1912.]

THE PEOPLE, Respondent, v. HARRY HILL, Appellant.

CRIMINAL LAW—SELLING LIQUOR IN "NO LICENSE" TERRITORY—SUPPORT OF VERDICT—PROVINCE OF JURY.—Where the defendant was convicted of the offense of selling and furnishing alcoholic liquor to another within the boundaries of certain "no license" territory, it is held that the verdict is supported by the evidence, where the record

shows affirmative evidence establishing all of the elements necessary to prove the charge as made against the defendant, and the appellate court cannot interfere with the verdict, or with the province of the jury to determine all questions of fact.

ID.—INDICTMENT—TIME OF COMMITTING OFFENSE NOT A MATERIAL INGREDIENT—PROOF LIMITED—ABSENCE OF PRESUMPTION OF OFFENSE PRIOR TO LAW.—An indictment filed May 25, 1912, charging an offense committed on or about the nineteenth day of May, 1912, under a law which became operative November 6, 1911, though it does not make the time expressed in the indictment a material ingredient of the offense, within the meaning of section 955 of the Penal Code, yet the proof of such time is limited, and it may be proved at any time within the period subsequent to the date when the law became effective. It cannot be presumed it was intended to charge the crime as having been committed at a prior date, when the acts described constituted no offense under the law.

ID.—EXAMINATION OF JURORS AS TO STATE OF MIND—GROUND FOR PEREMPTORY CHALLENGES—RESTRICTION OF EXAMINATION.—It is held that sufficient latitude was allowed to the defendant in the examination of jurors as to their state of mind, as to bias or prejudice; but that it was not incumbent on the court to permit the examination to be unduly protracted, for the sole purpose of enabling defendant to decide as to whether he might desire to challenge peremptorily any of the jurors offered.

ID.—PROPER DENIAL OF CHALLENGES FOR CAUSE—PROVINCE OF TRIAL JUDGE.—Though the answers of certain jurors disclosed a state of mind toward the defendant which seemed at first to border on prejudice, yet where they each asserted that they could try the defendant fairly, it was for the trial judge to determine that question, and under such a state of facts his rulings ought not to be disturbed.

ID. — INSTRUCTION — USE OF WORDS "GIVE AWAY" AS APPLIED TO "FURNISHING" LIQUOR NOT OBJECTIONABLE—MATTER OF PROOF.—An instruction to the effect that it was unlawful within "no license" territory, "to sell, furnish, distribute, or give away any alcoholic liquors," is not objectionable in the use of the words, "give away," as under the charge made a person described as "furnishing" liquor might be proved to be one who had given it away.

APPEAL from a judgment of the Superior Court of Inyo County and from an order denying a new trial. Wm. D. Dehy, Judge.

The facts are stated in the opinion of the court.

Wm. J. Clark, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted upon an indictment returned by the grand jury of Inyo County for the offense of selling and furnishing alcoholic liquor to another within the boundaries of certain "no license" territory. This offense is a misdemeanor of which the superior court had jurisdiction. He appeals from the judgment and from an order denying a motion for a new trial.

The first point made by appellant is that the evidence was insufficient to sustain the verdict of the jury. In view of the fact that there is shown by the record to have been some affirmative evidence establishing all of the elements necessary to prove the charge as made against defendant, this court is not permitted to enter upon a review of the testimony for the purpose of forming any conclusion as to which side the weight of evidence might lean. As to all questions of fact it was the province of the jury to make conclusions upon them and with the determination so made we cannot here interfere.

The indictment, in fixing the time of the commission of the offense, contained the allegation that the crime charged had been committed "on or about the 19th day of May, A. D. 1912." The law under which defendant was prosecuted became operative as to that portion of Inyo County in which the offense was alleged to have been committed, on November 6, 1911. The indictment was filed on the twenty-fifth day of May, 1912. It is the contention of defendant that the prosecution, under an allegation phrased in the words "on or about," might address the proof to any date prior to the filing of the indictment and within the one year period of the statute of limitations; and that, as to a portion of this period there was no offense known to the law of the kind charged against defendant, the indictment should have contained a more definite statement as to the time of the commission of the alleged offense. In order to sustain this argument we would be required to presume that under the allegation contained in the indictment the offense may have been committed prior to the time that the prohibitive measure affecting the sale and furnishing of liquors went into effect. Section 955 of the Penal Code, in treating of the statement to be contained in

an indictment or information respecting the time of the commission of the alleged offense, provides as follows: "The precise time at which the offense was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense." We do not think that the matter of the time when the offense was committed was in this case a material ingredient of the offense, as that term is used in the statute. The prosecution might have introduced evidence showing the commission of the offense at any time within the period subsequent to the date when the law creating the offense became effective. We cannot presume that the pleader in drawing his indictment intended to charge the crime as having been committed at a time when the acts described constituted no offense under the law. The case of *People* v. *Miller*, 137 Cal. 642, [70 Pac. 735], referred to by counsel for appellant, contains no intimation contrary to this view, but rather is an authority in point with the conclusion we have just expressed. The decisions of other states where the statutes do not contain the provision which we have quoted from our Penal Code are not valuable to establish the contention of appellant in this regard under our practice.

It is next contended that the defendant was unduly restricted in his examination of certain jurors while interrogating them as to their state of mind. Many of the questions asked of these jurors, and which the trial judge declined to permit answers to be made to, might well have been allowed as proper questions, but sufficient appears by the record to show that the defendant was allowed ample latitude by other questions which he was permitted to ask of them, and to which answers were made, to have illustrated the condition of mind of such jurors as to their bias and prejudice; and it was not incumbent upon the court to permit the examination to be unduly protracted for the sole purpose of enabling defendant to decide as to whether he might desire to challenge peremptorily any of the jurors offered.

We find no error in the rulings of the court denying the challenges for cause interposed by the defendant to several of the proposed jurors. While the answers of these men in some instances disclosed a state of mind closely bordering upon

prejudice, yet they each asserted that they could try the defendant fairly and we think it was for the trial judge to determine that question and that under such a state of facts his rulings ought not to be disturbed. (*Graybill* v. *De Young,* 146 Cal. 421, [80 Pac. 618].)

Defendant complains of certain instructions given to the jury by the trial judge. One of these instructions was to the effect that under the law then being considered it was unlawful within the "no license" territory to "sell, furnish, distribute, or give away any alcoholic liquors." The point of the objection is directed to the use of the words "give away," and it is contended that, as the indictment charged only the selling and furnishing of liquor, it was improper to instruct the jury that a person who gave alcoholic liquors away would be guilty. In this contention we do not concur, as under the charge made a person described as "furnishing" liquor might be proved to be one who had given it away. All of the instructions complained of, with this exception, are admitted to correctly state propositions of law in an abstract way, and we believe further that the charge as embodied therein was correct and pertinent to the case then on trial. The instructions as given were numerous and, as we read them, they covered sufficiently and fairly all of the matters pertinent to the issues being considered and no prejudicial error appears in the giving of any of them, or in the refusal to give certain additional charges offered by defendant.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1913.