[Crim. No. 614. Second Appellate District, Division One.—December 2, 1918.]

## THE PEOPLE, Respondent, v. F. S. HARTWELL, Appellant.

CRIMINAL LAW—CHALLENGE TO JURY PANEL—BURDEN OF PROOF.—In a criminal action where the entire panel of the jury is challenged by the defendant, the burden of proof is upon him to present facts sufficient to support his challenge.

ID.—CHANGES IN JURY LIST BY CLERK—FAILURE TO SHOW TIME OF CHANGE—CHALLENGE PROPERLY DENIED.—A challenge to the entire panel of a jury on the ground that the list from which the panel was drawn was not the list of names made up by the supervisors, owing to changes made therein by the county clerk, is properly denied, where it is not shown when such changes were made with reference to the time when the list was adopted by the board of supervisors.

ID.—ATTACHMENT OF CERTIFICATE TO JURY LIST—PENDENCY OF CHALLENGE.—It is not error to permit the clerk to attach his certificate to the jury list while the challenge is pending.

ID.—POPULATION OF COUNTY—EVIDENCE.—On the trial of a challenge to a panel of jurors a court cannot be required to take evidence for the purpose of ascertaining and determining the exact population of the county on a given date.

ID.—PLACING OF NAMES ON LIST UPON REQUEST—EVIDENCE.—Evidence that some of the names on the list were placed thereon by the supervisors at the request of the persons themselves is inadmissible.

ID.—BIAS OF JUROR—QUESTION OF FACT.—The question of bias of a juror is a question of fact, or of mixed law and fact, to be determined in the first instance by the trial court, and such determination is to be predicated, not upon the answer to any single question, but upon all the answers considered together.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. T. L. Lewis, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. E. Dadmun for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsolm, Deputy Attorney-General, and Jerry H. Powell for Respondent.

MYERS, J., *pro tem.*—Defendant appeals from a judgment of conviction under section 288 of the Penal Code, and from an order denying his motion for a new trial. His first point is that the court erred in denying his challenge to the entire panel of the jury. In support of this challenge he called as a witness the county clerk, who produced and identified the list of jurors selected by the county supervisors to serve for the current year 1918. This consisted of a typewritten list of several hundred names and addresses and bore no certificate. It appeared upon inspection thereof that some of the names, 21 in number, had been stricken off by drawing a line through them, and that changes had been made in various others of the names. These changes, for the most part, were apparently mere corrections of spelling, but in a few instances they were more material, such as the substitution of one initial for another, and in two or three instances the change of a first name. The clerk testified that all of these changes were made by him, or under his supervision, when the list was submitted to him by the board of supervisors; that they were made by him without any request or direction therefor; that he compared the names with the register of voters and that when a name on the list did not appear on the register he struck it off the list. No explanation was made of the changes of names not stricken off. Appellant argues from this testimony that the list from which the jury panel was drawn was not the list of names made up by the supervisors, as the law requires, and that therefore his challenge should have been allowed. But the evidence falls short of establishing such a state of facts. It does not appear from the evidence when the changes in question were made with reference to the time when the list was

adopted by the board of supervisors as a jury list. Of course, if the changes were made merely as a part of the process of compiling a list, and if the list which was in fact adopted by the supervisors was the list remaining after all the changes had been made, then defendant's objection has no force. Five hundred and seventy-nine names remained on the list after the changes were made. As the order of court designating the number of jurors that would be required for that year is not in evidence, we must assume that 579 was the required number. The burden of proof was upon the defendant to present facts sufficient to support his challenge, and the trial court correctly decided that he had failed to sustain this burden. The judge of the trial court permitted the clerk to attach his certificate to the jury list in question while the challenge was pending. There was no error in this action. (*People* v. *Young,* 108 Cal. 8, 12, [41 Pac. 281].)

Defendant offered, in further support of his challenge, to prove that the population of San Diego County on the first day of January, 1918, was in excess of one hundred thousand, and that, therefore, the jury list should have been made up by the judges of the superior court, instead of by the supervisors, to which offer the court sustained an objection. It might suffice to say that this ruling was not error, because no competent evidence was offered by defendant in support of his claim. He proposed to prove the alleged facts by showing the total number of registered voters and multiplying that by two and six-tenths, which he claimed was the ratio established by the Governor and Secretary of State in estimating population; also by the estimates of witnesses based upon the number of persons using water, gas, and electricity within the county, and multiplying that by a certain index figure; also by witnesses who would testify that it was common knowledge throughout the county that the population was then in excess of one hundred thousand; and also by an estimate contained in a pamphlet issued and authorized to be published by the board of supervisors in conjunction with the chamber of commerce. But, aside from considerations of the incompetency of such opinion evidence, it is manifest that a court cannot be required on the trial of a challenge to a panel of jurors to take evidence for the purpose of ascertaining and determining the exact population of the county on a given date. If this could be done, it might well happen that in counties whose popula-

tion is somewhat near the one hundred thousand mark, a considerable portion of the time of courts and juries might be occupied in this way. It is apparent, of course, that the determination and finding of this fact in any one case would not be conclusive or even *prima facie* evidence in any other case. We think that the population referred to in section 204 of the Code of Civil Procedure, is the population as ascertained and determined by the legislature and set forth in section 4005c of the Political Code.

Defendant also offered to show, in support of his challenge, that some of the names on this list were placed there by the supervisors at the request of the persons themselves, to which offer an objection was sustained. Appellant argues that if any of the names were placed there at the request of the persons named, it follows that the making of the list was not the act of the supervisors, but must be regarded as the act of those persons. The objection was properly sustained. The good policy of placing on a jury list the names of persons who volunteer their services may well be questioned, but, if that is done, it no more follows that the doing of it is not the act of the supervisors than it follows that an order of court is not the act of the court because made at the request of a litigant.

It is further urged that defendant's challenge to the individual juror Long should have been sustained. This juror upon his *voir dire* made answer to certain questions in such a manner as to indicate bias on his part against the defendant, but his answers to other questions were such as to rebut this inference. We cannot say that the trial judge abused his discretion in denying the challenge. The question of bias of a juror is a question of fact, or of mixed law and fact, to be determined in the first instance by the trial court. Such determination is to be predicated, not upon the answer to any single question, but upon all of the answers considered together. "This court should interfere with the determination of that question only when the evidence adduced on the *voir dire* is of such a character that it can be said from it, as a matter of law, that the juror is so prejudiced or biased in the case that he will not be a fair juror." (*Graybill* v. *De Young,* 146 Cal. 421, 423, [80 Pac. 618] ; *Baker* v. *Borello,* 136 Cal. 160, [68 Pac. 591].)

Appellant contends that the court erred in overruling the demurrer to the information. There is no merit in this con-

tention.    The information charged the offense in the language
of the statute, and further alleged the facts constituting it in
apt language, from which it clearly appears that the offense
intended to be charged is the one denounced by section 288
of the Penal Code.

There is nothing in appellant's contention that the evidence
is insufficient to sustain the verdict.    This contention is based
upon the circumstance that the testimony of the prosecuting
witness was in some measure impeached by showing that she
had made contradictory statements at the preliminary exam-
ination.    This, of course, went to the weight of her testimony,
but still left it a question for the jury to pass upon.    In this
case there was ample corroboration of her testimony as given
at the trial.

Appellant urges that the court erred in admitting in evidence
a letter purporting to have been written by the defendant to
the parents of the prosecuting witness.    Apparently this con-
tention is predicated in the main upon the absence of proof
that the body of the letter was in the handwriting of the de-
fendant.    The signature thereto was proven to be defendant's
signature, and its delivery by the defendant to his wife with
the request that she deliver it to the persons to whom it was
addressed and the reading of it by her to those persons were
all proven.    The contents of the letter were such as, when
considered in connection with the circumstances of its writing
and delivery, were fairly inferable as amounting to an admis-
sion of guilt by the defendant, and it was, therefore, entitled
to go to the jury.

Appellant also contends that the court erred in admitting
in evidence the testimony of Mrs. Orth as to a conversation
had between her and the defendant and defendant's wife on
the afternoon of the day the offense is alleged to have been
committed.    According to her testimony, in this conversation
defendant's wife accused him of misconduct with Ruth Moran
(the prosecuting witness) and said to him that he ''had taken
liberties with this child, Ruth Moran, in the garage'' (that
being the place of the alleged commission of the offense here
charged), and that he replied in substance ''that Ruth Moran
was an unusually cute child . . . and he also said that he
guessed it was just an infatuation; . . . He also said that
lots of men had done worse things than that.''    This con-
versation, under the circumstances as detailed by the witness,

amounted to a tacit admission on the part of defendant of facts which had a tendency to directly connect him with the crime here charged. In this respect it differed materially from the conversation held by this court to be inadmissible in the case of *People* v. *Hartwell,* 37 Cal. App. 199, [175 Pac. 21]. We think that the ruling of the trial court in this case was correct.

Complaint is made of the refusal of the court to give three certain instructions requested by the defendant. The points contained in his requested instructions Nos. 9 and 13, respectively, were fully covered in other instructions which were given by the court. His requested instruction No. 14 was properly refused for the reason that it was calculated to confuse and mislead the jury, even if it was not technically erroneous.

The points made in support of the motion for a new trial are those which we have here considered.

The judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 30, 1919.

All the Justices concurred.