THE PEOPLE *v.* LAFUENTE.

A temporary suspension of the trial of a criminal case, to dispose of a motion in another cause, is not an error or even an irregularity, where the prisoner's rights do not appear to have been injuriously affected.

Where the evidence is not set out in a bill of exceptions, or other authentic form, the appellate Court will not enquire into the correctness of instructions given by the Court below, considered as abstract questions of law.

An indictment, charging the commission of an offence at a certain city and county, which are within the jurisdiction of the Court, lays the venue sufficiently.

Where the commission of an offence is charged to have been on a particular day which was anterior to the finding of the indictment, there is no necessity for the averment that the offence was committed before the finding of the indictment.

APPEAL from the District Court of the Fourth Judicial District.

The defendant was indicted for murder. On his trial he was convicted of manslaughter, from which sentence he appealed. The errors assigned appear in the opinion of the Court.

*A. M. Heslep* for Appellant.

*W. T. Wallace, Attorney General,* for the People.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The record in this case contains two bills of exceptions, taken on the trial and signed by the Judge.

The first exception comes from the fact, that during the trial, the Court below suspended the proceedings for a short time to dispose of a demurrer in another case. It was not shown that the prisoner's rights were injuriously affected by the temporary interruption of the trial, and under all the circumstances which characterize judicial proceedings at *nisi prius,* so far from considering it error we are not disposed to regard it as even an irregularity. The second exception is taken to the refusal to grant a new trial and the order overruling the motion in arrest of judgment. These motions were based upon matters occuring at the trial, and the refusal of the Court to give certain instructions asked for by defendant. However erroneous this might have been, it is a matter which we cannot now inquire into, as the testimony is not set out in a bill of exceptions, or in any form whatever; neither are the instructions themselves so authenticated that they can be considered, and we have repeatedly refused to reverse a judgment upon abstract questions of law, where it was shown that no harm had resulted to the prisoner.

The remaining objections go to the sufficiency of the indictment.

*First.* It is said that no venue is laid ; the indictment purports upon its face to be found by a grand jury of the county of San Francisco and State of California; the defendant is described as a citizen of the

city and county of San Francisco, and charged with the commission of the crime "at the said city and county," referring to the foregoing State and county. Admitting that the indictment is technically.incorrect in this behalf, the error is cured by section 246 of the Criminal Code which provides, "that the indictment shall be sufficient, if it appear that the offence was committed at some place within the jurisdiction of the Court." See Comp. Laws, 454.

*Second.* It is contended that the indictment is defective, because it does not allege the offence was committed before the finding of the indictment. It is not necessary under our statute that the precise day should be stated, unless time is of the essence of the offence, and a particular day having been laid on which the offence is charged to have been committed, anterior to the finding of the indictment, there is no necessity for an averment that the crime was committed before the bringing of such indictment. See Comp. Laws, subd. 5, § 454.

The other objections do not call for any serious consideration, as they are not supported by the record. The indictment is sufficiently certain ; it appears upon its face to have been found by a regularly constituted grand jury ; is properly endorsed and transmitted to the District Court for trial. After a careful consideration we can see no reason for a reversal.

The judgment is affirmed, and the Court below directed to carry the sentence into execution.