[No. 20134. Department Two. — January 28, 1886.]

## THE PEOPLE, RESPONDENT, *v.* J. W. SHELDON, APPELLANT.

CRIMINAL LAW — INJURING PUBLIC JAIL — INFORMATION — SITUS OF PROPERTY INJURED — SINGLE OFFENSE. — An information for the crime of injuring a public jail alleged that the defendant, "at the county of San Bernardino, state of California, on or about the sixth day of June, 1885, and prior to the filing of the information, did wrongfully, willfully, intentionally, and feloniously injure the county jail of San Bernardino County by digging a hole in the floor thereof, and prying up, pulling down, and breaking a certain door belonging to and being a portion of said jail, which said jail is a public jail for the confinement of prisoners," etc. *Held*, that the information was sufficient, that the venue and *situs* of the property injured were sufficiently alleged, and that only one offense was charged.

ID. — DATE OF DISCOVERY OF INJURY — EVIDENCE. — On the trial of such an offense, evidence is admissible that the injury was discovered subsequent to the date alleged in the information for its commission.

ID. — DATE OF COMMISSION OF OFFENSE. — Except where time is of the essence of an offense, a crime alleged to have been committed on a certain day may be shown to have been committed on a subsequent day, if the latter is prior to the filing of the indictment or information.

ID. — EVIDENCE — WITNESSES. — Even when time is of the essence of the crime, the facts may be established by one witness, and the date at which they transpired by another.

ID. — INSTRUCTION — WILLFUL ACT DEFINED. — It is not error to instruct the jury that an act is willful when done with deliberation, and not through surprise or confusion, or a *bona fide* mistake.

ID. — INSTRUCTION APPROVED ON THE EVIDENCE. — The court instructed the jury that if the defendant willfully and intentionally broke down, or by any means injured, any portion of the county jail, they should find him guilty. The evidence of the offense as charged was confined to the door and its adjoining supports. *Held*, that the instruction was proper, and did not tend to prejudice the defendant.

ID. — BELIEF — MORAL CERTAINTY. — The court further charged the jury to find the defendant guilty, if from the evidence they believed certain facts, but did not instruct them that their belief should be to a moral certainty. *Held*, that no error was committed, in the absence of a request by the defendant for a definition of the term "belief."

ID. — ATTEMPT TO ESCAPE — INJURY AS INCIDENT TO. — The offense of injuring a public jail may be committed, although the injury was incidentally done in an attempt to escape.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Zue G. Peck*, and *Harris & Parker*, for Appellant.

*Attorney-General Marshall*, and *J. L. Campbell*, for Respondent.

SEARLS, C.—This is an appeal from a final judgment of conviction of the crime of injuring a public jail, and from an order denying a new trial. Defendant interposed a demurrer to the information upon the grounds,—

1. That such information does not state facts sufficient to constitute a public offense.

2. That it charges more than one offense, in·that it charges the defendant with injuring the jail by digging a hole in the floor thereof, and with pulling down, prying up, and breaking a door of said building.

3. That it does not state the acts constituting the offense in ordinary and concise language, that may be readily understood and comprehended by a person of ordinary understanding, and does not state where said jail is situate or by whom owned, or what or which public jail is meant.

The substance of the information is that "J. W. Sheldon, at the county of San Bernardino, state of California, on or about the sixth day of June, 1885, and prior to the filing of the information, did wrongfully, willfully, intentionally, and feloniously injure the county jail of San Bernardino County, by digging a hole in the floor thereof, ʄnd prying up, pulling down, and breaking ·a certain door belonging to and being a portion of said jail, which said jail is a public jail for the confinement of prisoners," etc.

Section 606 of the Penal Code provides that "every person who willfully and intentionally breaks down, pulls down, or otherwise destroys or injures any public jail or other place of confinement, is punishable by fine not exceeding ten thousand dollars, and by imprisonment in the state prison not exceeding five years."

The information, it will be perceived, charges the offense as having been committed at the county of San Bernardino, and in and upon the county jail of said county. This was sufficient as to the venue and *situs* of the property injured. The information charges the offense substantially in the language of the statute, which is deemed sufficient. (*People* v. *White*, 34 Cal. 183; *People* v. *Phipps*, 39 Cal. 326; *People* v. *Martin*, 32 Cal. 91; *People* v. *Potter*, 35 Cal. 110.)

There is but one offense charged in the information. But one breaking or injuring is charged. The defendant is charged with *injuring* the county jail by certain acts, viz., by digging a hole in the floor, prying up, pulling down, and breaking a door. The several acts go to make up and constitute a single injury.

The removal of a single brick from a building may constitute an injury thereto. An injury to a building charged to have been consummated by the removal of one hundred bricks would constitute *one* and not *one hundred* injuries.

The information charged the injury to have been done willfully, wrongfully, intentionally, and feloniously. The demurrer was properly overruled.

The second error assigned relates to the ruling of the court, permitting the witness Captain Gill to testify to injuries to the jail as discovered on Sunday, June 7, 1885, on the ground that the offense is charged in the information to have been committed on or about June 6, 1885. It is a sufficient answer to the objection to say that the testimony of the witness related to the date at which the injury to the jail was discovered, and not to the date of its commission. *Non constat* but that it may have been done on the 6th of June, and not discovered until the following day.

Waiving, however, the technical aspect of the question, a crime charged to have been committed on or about June 6, 1885, may be shown to have been committed on

the 7th of June of the same year, if before indictment or information as in this case.

It is unnecessary to charge in the indictment the precise day upon which an offense was committed, or to prove the offense to have been committed on the day charged, except where time is of the essence of the offense. (*People* v. *Lafuente*, 6 Cal. 202; Pen. Code, sec. 955; American Criminal Law, sec. 599.)

The alleged errors, founded upon the rulings of the court, in relation to the testimony of the witness Garcia, are not well assigned.

This witness was an inmate of the county jail, professed to have witnessed the efforts of the defendant and another prisoner to break the iron door, but professed to be unable to give the precise day of the transaction. It was not essential in any point of view that he should do so. Even where time is of the very essence of a crime, the facts may be established by one witness, and the date or time at which they transpired by another or by others.

Nor was it error to permit a leading question upon the unimportant question as to the iron bar being the one with which the prisoners worked.

The only other portion of the testimony of this witness to which any question can attach is that in which he says the sheriff did not agree to release him from confinement on condition of his testifying in the case, and we do not under the circumstances detect error therein.

There was no error in instructing the jury "that an act is willfully done when done with deliberation, and not through surprise or confusion, or a *bona fide* mistake."

To do a thing willfully is to do it by design, with set purpose.

To do a thing with deliberation is to do it after examining the reasons for and against a choice; after consideration and reflection. After indulging in this mental process, if an act is done as the result of it, it is a willful act.

"A purpose or willingness to commit the act" renders it willful under section 7 of the Penal Code.

The second instruction, which was to the effect that if the defendant willfully and intentionally broke down or by any means injured any portion of the county jail, etc., and that it was a public jail, etc., the jury should find him guilty. The objection is, that the information extended only to charging the defendant with injury to the floor and door of. the building.

We must suppose, and indeed the record shows, that the evidence was confined to the door and its supports adjoining, and if the testimony as offered was not warranted by the information, objection should have been made to its introduction, and if the objection was not sustained, the ruling could have been assigned as error.

The *gravamen* of the charge, however, is the injury to the jail, and the manner of the injury as shown by the evidence substantiates the charge in the information. The instruction was proper, and did not in any wise tend to prejudice the defendant.

To the third instruction it is objected that the court instructed the jury that "if from the evidence you believe," etc., whereas it is contended the instruction should have been qualified by the addition of the words "to a moral certainty," or of some equivalent words.

The language used by the court was proper. If counsel for the defendant desired greater particularity, it was within his province to ask the court to explain what is meant by the term "belief," or rather that what we term belief in a criminal case, when applied to the guilt of a defendant, is a conviction of the mind to a moral certainty and beyond a reasonable doubt.

The first instruction asked by defendant was properly refused. The case in no wise depended upon circumstantial evidence, but upon direct testimony to the overt act. (*People* v. *Turner*, 65 Cal. 540.)

The modifications to the second and third instructions

asked by defendant were proper. As given, they were correct expositions of the law; as asked, the second, in which the words "vicious act," etc., was changed so as to read "unlawful act," was objectionable, and that portion of the third instruction which announced the doctrine that defendant was not guilty, if he incidentally injured the jail in an attempt to escape, was not law, and was very properly stricken out.

We see no error prejudicial to the defendant, and are of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.