[No. 20161. In Bank.—March 29, 1886.]

## THE PEOPLE, RESPONDENT, *v.* STEPHEN MOODY ET AL., APPELLANTS.

CRIMINAL LAW—INFORMATION—DATE OF COMMISSION OF OFFENSE—AMENDMENT—ARRAIGNMENT—PLEA.—The defendants were prosecuted for the crime of arson, by an information which alleged that the offense was committed on a day subsequent to the date of its filing. Under this information they were arraigned, and pleaded not guilty. On the trial, the information was amended by charging the offense to have been committed prior to the filing of the information. The trial thereupon proceeded without an arraignment or plea to the amended information. *Held*, that the original information stated no offense, and that the trial under the amended information, without an arraignment and plea, was error, as no issue was joined.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The defendants were convicted of the crime of arson in the second degree. The further facts are stated in the opinion of the court.

*E. & W. Graves,* and *J. N. Turner,* for Appellants.

The defendants should have been arraigned and called upon to plead to the amended information. The omission was error, and rendered the verdict void. (*People* v. *Corbett,* 28 Cal. 330; *People* v. *Gaines,* 52 Cal. 480; *State* v. *Sanders,* 53 Mo. 321; *State* v. *Montgomery,* 63 Mo. 296; *Douglass* v. *State,* 3 Wis. 830.)

*Attorney-General Marshall, J. R. Patton,* and *V. A. Gregg,* for Respondent.

MYRICK, J.—The defendants were jointly prosecuted by information. The information was filed June 18, 1885, and accused the defendants of the commission of a crime on the 20th of July, 1885, *a day subsequent to the filing.* The defendants were arraigned and pleaded not guilty. After a jury was impaneled the district attorney moved for leave to amend the information, by charging the offense to have been committed July 20, 1884, a day *before* the filing of the information. Leave to amend was granted, and after amendment the trial proceeded, without an arraignment and plea to the information as amended.

Without passing on the power of the court to permit an amendment to an information, it is sufficient to say, the information as filed stated no offense for the commission of which the defendants could be tried, in that the day of the alleged commission of the offense was a day after the accusation was made; therefore no offense was charged. The information, when amended, charged an offense, and this information so amended could have been treated as an original information then for the first time presented. On this information the defendants should have been arraigned and called on to plead. This omission was error; no issue was joined as to any possible crime.

Judgment and order reversed, and cause remanded for proceedings not inconsistent with this opinion.

SHARPSTEIN, J., ROSS, J., MORRISON, C. J., THORNTON, J., and MCKEE, J., concurred.