[No. 20984.   Department Two. — August 16, 1893.]

## THE PEOPLE, RESPONDENT, *v.* J. H. SQUIRES, APPELLANT.

CRIMINAL LAW — INDICTMENT — DATE OF OFFENSE — PRIORITY OF OFFENSE TO ACCUSATION. — It is not necessary that an indictment for a criminal offense shall show that the offense was committed on a day prior to the time of the filing of the indictment, but it is sufficient if it can be understood therefrom "that the offense was committed at some time prior to the time of finding the indictment"; and an indictment alleging the commission of an offense upon the same day on which the indictment is filed sufficiently shows that the act charged was committed prior to the filing of the indictment. To accuse is to state that the act charged was prior to the accusation.

ID. — OFFENSE COMMITTED ON DATE OF ACCUSATION — FRACTIONS OF DAY. — Courts disregard fractions of days when necessary; and one may be accused of an offense on the very day of its commission.

ID. — EVIDENCE OF DATE. — The proof need not show that the offense was committed on the day named in the indictment.

ID. — REQUEST OF JUROR FOR BRIBE — SUFFICIENCY OF INDICTMENT — AGREEMENT — OFFER OF JUROR. — An indictment of a defendant for asking for and agreeing to receive a bribe as a juror, need not charge that he asked for or agreed to receive it upon any agreement or understanding with the person approached that he would cast his vote in consideration thereof; but it is sufficient to aver that the accused offered or was ready to make such agreement or understanding. It is not necessary to complete the offense that the party approached should consent to give the bribe.

ID. — CERTAINTY OF INDICTMENT. — An indictment charging a defendant with asking for and soliciting a bribe and charging the elements of the offense defined in section 93 of the Penal Code, is not uncertain as to whether the offense is charged under that section or section 96 of the code which does not make it an offense to solicit a bribe.

ID. — EVIDENCE OF GOOD FAITH OF PROSECUTING WITNESSES — ORDER OF PROOF — HARMLESS ERROR. — In a criminal prosecution for asking for and soliciting a

bribe as a juror, where the defendant claimed that the prosecuting witnesses were really trying to bribe him, and that he simply declined to be bribed, evidence of one of such witnesses that the defendant intimated that he was willing to receive a bribe, and that witness then consulted the judge in regard to the matter before he called at the defendant's store and received the offer to be bribed, is admissible as showing that his own conduct in connection with the matter was not improper and was taken in good faith, and the admission of such evidence at the wrong time is not prejudicial error.

ID. — OFFER OF JUROR TO PROCURE VERDICT. — An offer of a juror in a civil case to procure a verdict for the defendant for a specified sum, though showing that he proposed to do more than merely cast his vote as a juror, includes an offer to promise that in certain contingencies he would cast his vote as a juror for the defendant, and the offense of asking for a bribe as a juror is thereby made out.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*John Whaley,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

TEMPLE, C. — The defendant was convicted of a felony in asking for and agreeing to receive a bribe as a juror. He appeals from the judgment and from an order refusing a new trial. The indictment upon which he was tried was found, presented, and filed June 7, 1892, and charges that on the seventh day of June, 1892, while defendant was a juror in a case on trial in the superior court of San Francisco, the pendency of which is particularly set out and described in the indictment, "said Squires did wilfully, unlawfully, corruptly, and feloneously ask and agree to receive of and from one James F. Smith, one of the attorneys for defendants in said civil action, the sum of five hundred dollars, in lawful money of the United States, upon an agreement which he, the said J. H. Squires, then and there offered to make and enter into with said James F. Smith, that in consideration of the payment to the said J. H. Squires of the sum of five hundred dollars, in lawful money of the United States, he, the said J. H. Squires, would cast his vote and render his decision as juror in said civil action in favor of the defendants in said civil action," etc.

Defendant was prosecuted under section 93 of the Penal

Code, which enacts: "Every . . . . juror . . . . who asks, receives, or agrees to receive any bribe upon any agreement or understanding that his vote, opinion, or decision shall be influenced thereby is punishable," etc.

The defendant demurred to the indictment, and after a verdict against him moved an arrest of judgment, in both modes raising the questions herein discussed as to the sufficiency of the indictment.

1. The first objection to the indictment is that it does not charge that the offense was committed prior to the finding of the indictment.

Our statute does not require that the indictment shall show that the offense was committed on a *day* prior to the time of filing the indictment, as do the statutes in some of the states, from which authorities are cited by appellant, but the indictment is sufficient if it can be understood therefrom (Penal Code, subd. 5, sec. 959) "that the offense was committed at some time prior to the time of finding the indictment." The usual course is to charge the commission of the offense on a named day which is prior to the day of finding the indictment. The proof need not show that the offense was committed on the day named. It is ordinarily sufficient if both the day named and on which the offense is proven to have been committed are within the statute of limitations and prior to the finding of the indictment. In this case it might have been charged that the offense was committed on the sixth and proven to have been committed on the seventh and prior to the finding of the indictment. But while courts no not generally take note of fractions of days, they do when necessary. To accuse one of the commission of a crime is to charge that it was committed prior to the accusation. Where the indictment expressly states that an offense was committed on a date subsequent to the day of the accusation, it charges an impossible act. On the face of the indictment, therefore, the accused cannot be guilty. Under a statute like ours, I think this is all there can be in a point of this character. But that is not this case. One may be accused of an offense on the very day of its commission; and, as already said, to accuse is to state that the act charged was prior to the accusation.

2. The second objection to the indictment is that it does

not charge that defendant asked for or agreed to receive a bribe upon any agreement or understanding that he would cast his vote, etc. It is said that it does not appear that any agreement or understanding had been made, but only that the accused offered to make an agreement or understanding.

Section 93 of the Penal Code denounces as liable to punishment those who ask for a bribe. To complete the offense it is not necessary that the party approached shall consent to give it. Unless he does so there could be no agreement or understanding. In such case it cannot be charged that such agreement or understanding exists, but only that the accused was ready to agree or enter into an understanding.

3. The third objection to the indictment is that it is uncertain whether the offense charged is that defined in section 93, or in section 96 of the Penal Code.

Possibly an offense may be committed which might be prosecuted under either section, but in this indictment a fact is stated which is not required to constitute the offense defined in section 96, but may be the most material part of the charge in an offense defined in section 93, to wit: that defendant asked for a bribe. To solicit is not made an offense under section 96. It is not necessary to say whether one who promises his decision or vote for a bribe could be prosecuted under section 93.

4. The fourth point is in regard to a ruling on the admission of evidence. Chickering, a witness for the prosecution, was allowed to state that he consulted Judge Sanderson in regard to the matter before he called at the defendant's store and received, as he states, the offer to be bribed. According to the testimony of the witness, the defendant had already approached him, and had intimated that he was willing to receive a bribe. He was allowed to state, against the objection of defendant, that he then consulted his associates in the case, and laid the matter before the judge who was trying the case, before he called at defendant's store to find out exactly what defendant was trying to accomplish. Further than this, he did not state the conversation had with the judge. Of course the inference was that the judge concurred in the course adopted.

The evidence was confessedly introduced to show the good faith of the witness; that is, to add to the force and effect of

his testimony. It was plainly not part of the *res gestœ*, and the general rule is that a party cannot bolster up his witness until he has been attacked; but if it be admitted, for the purposes of this case, that the evidence was inadmissible at that time, still its admission would not constitute reversible error if it became relevant afterwards, unless defendant was injured by its being introduced at the wrong time. Subsequently it did appear very plainly that the defense claimed that the witnesses Chickering and Smith were really trying to bribe the defendant, and that he had simply declined to be bribed. Defendant and his wife both testified to that effect. This raised a collateral question bearing directly upon the main issue. That it was admissible seems to have been held in the case of the *People* v. *Northey*, 77 Cal. 618. It is impossible to see how defendant was injured by its introduction at the wrong time, conceding it to have been so. Evidence of that character is admitted in almost every case without objection. The witness is allowed to tell who he is, what positions he has held, and to show that he learned the facts to which he testifies in an honorable way, and to state facts which would tend to rebut any inference that his own conduct in connection with the transaction was improper. It may be difficult to say how far examinations for such purposes should be allowed to go, but I think there was no abuse of discretion in this case.

5. The fifth point involves the same question as to the admissibility of the evidence.

6. The sixth point is that it was not shown that defendant's vote was influenced or that he made any effort to procure a verdict for the defendants in the civil action—that, at most, he only showed a willingness to commit an offense, but did nothing whatever. After what has been said as to the nature of the charge, this point requires no discussion.

7. It is contended, as the seventh point, that the evidence does not tend to prove that defendant asked for a bribe to influence his decision or vote, but that he proposed for pay to procure a verdict. He did not, as a matter of fact, propose to be paid for his vote simply. He proposed to take five hundred dollars if he should procure a verdict.

The case in which he was a juror was a civil one, and a ver-

dict might have been rendered by a concurrence of nine persons. It would follow that if he gave his vote for plaintiff, a verdict might still have been rendered for the defendants in the civil suit, in which event defendant would have been entitled to his money had his proposal been accepted. He may contend that he was merely intending to place himself in a position to earn the money in case the verdict went for the defendants, which it might have done without his vote and in spite of his best effort to prevent it. Perhaps, too, by his vote he might have prevented a verdict against the defendants; but in such case, according to his proposal, he would have received nothing; or perhaps he had or sought a similar agreement with the other party also. In which case the expectation of a bribe could not influence his verdict. It was possible, therefore, that he might have voted as a juror and worked against the defendants, and still have been entitled to his money, according to his proposal; or that he could have done all he could to procure a verdict for the defendants and still not have earned the bribe. All this shows undoubtedly that defendant was to do something more than cast his vote as a juror in favor of the defendants to earn the money, and that in certain contingencies he might not be able to earn it at all, even if it did influence his vote, but it also seems to me that he offered to promise that in certain contingencies he would cast his vote as a juror for defendants. If it should happen that his vote would be required to determine the case for defendants, I think, supposing the witnesses for the prosecution told the truth, he must be held to have promised or offered to promise that they should have his vote, and I think this is all that is required to make out the offense under the statute.

8. The eighth point is that the court erred in refusing an instruction, and involves the same points already discussed.

I think the judgment and order should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.