[ Crim. No. 914.    Department Two.—November 19, 1902.]

## THE PEOPLE, Respondent, v. DAVID MILLER, Appellant.

CRIMINAL LAW—BURGLARY—PLEADING—DATE OF OFFENSE.—An information for burglary charging the offense to have been committed "on or about" a date two days prior to its filing, is sufficient to show that the offense was committed prior thereto, without stating in terms that it was so committed.

ID.—TIME, HOW FAR MATERIAL.—Time is not a material ingredient of the offense of burglary, except as to the degree, depending upon the time of day, which is a question of proof.

ID.—ARRAIGNMENT—PLEA OF GUILTY—PRESUMPTION.—Where the record of arraignment shows that the defendant pleaded guilty "in response to the court," it justifies the presumption that the plea was in response to the question whether he was guilty or not guilty.

ID.—RIGHT TO COUNSEL—DEFECTIVE ENTRY—INFORMATION IMPLIED.— Under a minute entry showing that "the defendant was then asked by the court if he had secured the aid of counsel, and of his right to be represented by counsel," to which defendant replied that he did not desire the aid of counsel, it is implied that the court informed him of his right, and it is obvious that the minute entry was not intended to omit the word "informed" therefrom.

---

[1] 80 Am. St. Rep. 127.

ID.—PROOF UNDER PLEA OF GUILTY—DEGREE OF OFFENSE.—Under a plea
of guilty of a charge of burglary, it is proper for the court to admit
proof in order to determine the degree of the offense.

APPEAL from a judgment of the Superior Court of San
Mateo County. . George H. Buck, Judge.

The facts are stated in the opinion.

Renison & Feliz, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr.,
Deputy Attorney-General, for Respondent.

CHIPMAN, C.—Defendant is informed against for the
crime of burglary.   Upon arraignment he pleaded guilty.
Judgment of conviction was entered, from which this appeal
is prosecuted.   The information reads as follows: "The said
David Miller, on or about the twenty-fourth day of Novem-
ber, A. D. 1901, . . . . did then and there feloniously," etc.
The information was presented and filed on November 26,
1901.   It appears from the transcript that "the defendant
being present in court and appearing for arraignment, the
arraignment was then made by the clerk, under direction
of the court, by the clerk's reading to the defendant the said
information, with the indorsement thereon, and by delivering
to him a copy thereof. . . . The defendant was then asked by
the court if he had secured the aid of counsel and of his
right to be represented by counsel, to which defendant
replied that he had not secured, nor did he desire the aid of,
counsel, but that he waived time to plead to the information,
and thereupon, in response to the court, plead that he is
guilty of the offense charged against him.   Defendant fur-
ther stated that he waived time for sentence, and asked that
judgment be pronounced against him forthwith."   It then
appears that defendant was sworn, and on being interro-
gated by the court testified that the offense charged against
him was committed at the hour of 11 o'clock P. M., "from
which evidence the court determined that the defendant is
guilty of burglary in the first degree, in that the offense was
committed in the night-time."   It then appears that defend-
ant came into court with the district attorney and "was

duly informed by the court of the nature of the information filed on November 26, 1901, charging him with the crime of burglary (a felony), committed on the twenty-fourth day of November, A. D. 1901, of his arraignment and plea of guilty . . . entered on the twenty-sixth day of November, 1901. The defendant waived time for judgment, whereupon the court, from the evidence offered, determined the offense of which defendant was guilty to be burglary of the first degree. The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none, and thereupon judgment followed.''

1. It is contended that the information is insufficient, in that it does not state the precise time at which the offense was committed nor that it was committed before the filing of the information. (Citing *People* v. *Lafuente,* 6 Cal. 202; *People* v. *Aro,* 6 Cal. 207;[1] *People* v. *Sheldon,* 68 Cal. 434; Pen. Code, secs. 951, 955.) It is urged that the term ''on or about'' may include a time subsequent to the accusation, and therefore charges an impossible act; that in charging the offense as having been committed ''on or about a certain day,'' and not averring that it was done ''before the filing'' of the information, avers two inconsistent propositions,— namely, that ''the offense was committed, and that it was not committed.'' *People* v. *Squires,* 99 Cal. 327, and *People* v. *Moody,* 69 Cal. 184 are cited.

In the Moody case the information was filed June 18, 1885, and the offense was charged as committed on July 20, 1885, and it was held that no offense was charged. *People* v. *Squires, supra,* more nearly illustrates the point, but, we think, is authority against defendant's contention. The information is sufficient if it can be understood therefrom ''That the offense was committed at some time prior to the time of finding the indictment or filing of the information.'' (Pen. Code, sec. 959, subd. 5.) In the Squires case the court said: ''One may be accused of an offense on the very day of its commission; and, as already said, to accuse is to state that the act charged was prior to the accusation.'' In the present case the accusation was made on November 26th, and the act was charged to have been committed ''on or about November

[1] 65 Am. Dec. 503.

24th.'' This by no possibility could be taken to mean a date subsequent to filing the information, for it would still be true under this allegation, as in the Squires case, that ''to accuse is to state that the act charged was prior to the accusation.''

Section 955 of the Penal Code provides that the ''precise time at which an offense was committed need not be stated, . . . but it may be alleged to have been committed at any time before the filing'' of the information, ''except where the time is a material ingredient of the offense.'' Time is not a material ingredient of burglary, except as to the degree; the information is in the language of the statute defining burglary, and the element of time relates only to the time of the day when the offense was committed, and may be proved to fix the degree of punishment. The section referred to does not require the information to state in terms that the act was committed before the filing of the information, if it otherwise so appears.

2. It is next contended that there was no sufficient arraignment of defendant as provided by section 988 of the Penal Code. The arraignment must be made by the court, or by the clerk or district attorney under its direction, and this section points out in what the arraignment consists. It is claimed that it nowhere appears that the defendant was asked by the clerk or the court whether he pleaded guilty or not guilty, which the statute requires shall be done. It does appear, however, that defendant pleaded guilty ''in response to the court.'' We think sufficient is shown to justify the assumption that the plea was in response to the question as to whether he was guilty or not guilty. The answer would have been responsive to no other question. In *People* v. *Gaines,* 52 Cal. 479, the record failed to show that the defendant was arraigned or pleaded to the indictment, which was quite a different case from this.

3. Defendant appeared without counsel, and it is claimed that he was not informed of his right to counsel before he was arraigned, as required by section 987 of the Penal Code. (*People* v. *Villarino,* 66 Cal. 228.) In the case cited it was held that it was sufficient if the information was given in the course of the arraignment, as was the fact here. But it is urged that the record does not show whether the defendant was informed by the court of his right to counsel. The record

is: "The defendant was then asked by the court if he had secured the aid of counsel and of his right to be represented by counsel." It is claimed that to be "asked" of his right is not equivalent to saying that he was "informed" of his right. Obviously, the minute entry was not intended to be made in the way it stands; it is not likely that the court "asked" defendant of his right to be represented. It is more probable that the fact was the court "informed him" of his right. However, the defendant replied that he did not desire the aid of counsel, which implies that he had been informed of his right.

4. Finally it is urged as error that the court proceeded to try the defendant after he had pleaded guilty. A fair reading of the record shows that the court did no more than to inquire into a fact which bore alone on the degree of the crime, as was the duty of the court to do. (Pen. Code, sec. 1192.)

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Henshaw, J., McFarland, J., Temple, J.