[Crim. No. 174. Fourth Appellate District.—October 26, 1934.]

THE PEOPLE, Respondent, v. ROY MYERS, Appellant.

Roy Myers, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

MARKS, J.—Roy Myers and Scott Rackley were convicted of the crime of burglary in the first degree and have appealed from the judgment pronounced upon them. The appeal of Rackley has been dismissed (*People* v. *Myers, ante,* p. 380 [36 Pac. (2d) 410]), leaving that of Myers for our consideration.

Myers has appeared here *in propria persona* and presents the following grounds for a reversal of the judgment: (1) That the information does not charge a public offense; (2) that the evidence does not support the verdict and judgment; (3) prejudicial misconduct on the part of the trial judge.

The information which was filed on April 5, 1934, contains the following: "The District Attorney of the County of Fresno hereby accuses Roy Myers and Scott Rackley of a felony, to-wit: Burglary in that on or about the 20th day of December, 1934, in the County of Fresno, State of California, they entered a barn on the Milton G. Cooper Ranch, located on McCall Avenue near Washington Avenue, in said County of Fresno, State of California, with intent to commit theft therein."

Appellant maintains that as the date of the filing of the information was more than eight months before the crime was alleged to have been committed it "stated no offense for the commission of which the defendants could be tried, in that the day of the alleged commission of the offense was a day after the accusation was made; therefore no offense was charged". (*People* v. *Moody*, 69 Cal. 184 [10 Pac. 392].) We are cited to the following additional cases bearing upon this question: *People* v. *Squires*, 99 Cal. 327 [33 Pac. 1092], *People* v. *Dinsmore*, 102 Cal. 381 [36 Pac. 661], and *People* v. *Miller*, 137 Cal. 642 [70 Pac. 735].

*People* v. *Moody, supra*, is direct authority supporting the position of appellant. *People* v. *Squires, supra*, refers with approval to the rule announced in the Moody case and adds, "To accuse one of the commission of a crime is to charge that it was committed prior to the accusation." In *People* v. *Dinsmore, supra*, it is said: "The information appears to have been filed October 15, 1892, while it charges the offense to have been committed October 28, 1892. It is entirely apparent that a mistake has occurred in the stating of one of these two dates, and this mistake might well have been corrected by the trial court by some appropriate proceeding, but we think no such irregularity is here presented as to be fatal to the case. The information alleged in terms that the acts charged were committed prior to the day of its filing, and in the year 1892, thus bringing the offense without the bar of the statute of limitations. The particular date alleged in the information was not material to the sufficiency of the charge, and we see nothing in this point to justify a new trial of the action." *People* v. *Cuff*, 122 Cal. 589 [55 Pac. 407], is to the same effect.

In *People* v. *Miller, supra*, the court said: "It is contended that the information is insufficient, in that it does

not state the precise time at which the offense was committed nor that it was committed before the filing of the information. (Citing *People* v. *Lafuente,* 6 Cal. 202; *People* v. *Aro,* 6 Cal. 207 [65 Am. Dec. 503]; *People* v. *Sheldon,* 68 Cal. 434 [9 Pac. 457]; Pen. Code, secs. 951, 955.) It is urged that the term 'on or about' may include a time subsequent to the accusation, and therefore charges an impossible act; that in charging the offense as having been committed 'on or about a certain day', and not averring that it was done 'before the filing' of the information, avers two inconsistent propositions,—namely, that 'the offense was committed, and that it was not committed'. *People* v. *Squires,* 99 Cal. 327 [33 Pac. 1092], and *People* v. *Moody,* 69 Cal. 184 [10 Pac. 392], are cited.

"In the Moody case the information was filed June 18, 1885, and the offense was charged as committed on July 20, 1885, and it was held that no offense was charged. *People* v. *Squires, supra,* more nearly illustrates the point, but, we think, is authority against defendant's contention. The information is sufficient if it can be understood therefrom 'That the offense was committed at some time prior to the time of finding the indictment or filing of the information.' (Pen. Code, sec. 959, subd. 5.) In the Squires case the court said: 'One may be accused of an offense on the very day of its commission; and, as already said, to accuse is to state that the act charged was prior to the accusation.' In the present case the accusation was made on November 26th, and the act was charged to have been committed 'on or about November 24th'. This by no possibility could be taken to mean a date subsequent to filing the information, for it would still be true under this allegation, as in the Squires case, that 'to accuse is to state that the act charged was prior to the accusation'."

In the instant case the information did not charge that the offense was committed prior to its filing. However, if "to accuse one of the commission of a crime is to charge that it was committed prior to the accusation" the cases of *People* v. *Dinsmore, supra,* and *People* v. *Cuff, supra,* are direct authorities for our holding that the information before us, while defective, does charge a public offense.

We have examined the record and have concluded that appellant suffered no possible prejudice from the mis-

taken date in the information which was clearly a typographical error. The first witness for the People testified that the burglary was committed on December 20, 1933. No question of variance was ever raised during the trial. Appellant produced numerous witnesses who testified he was in Martinez on December 20, 1933. The defect in the information was not mentioned in the specifications of error filed in the court below unless it was included in the following: "That the verdict is contrary to the law and evidence,"· and, "That the court erred in overruling and denying defendant's motion for a new trial." The written motion for new trial, if one was filed, is not in the record and the grounds of the motion do not appear in the minutes. It seems probable that appellant did not know of the error until after he had taken his appeal to this court. Under these circumstances we are prohibited from reversing the judgment on account of the error in the pleadings, by the provisions of section 4½ of article VI of the Constitution.

Appellant bases his second contention for a reversal of the judgment upon the ground that the testimony of an accomplice is not sufficiently corroborated. In *People* v. *Yeager*, 194 Cal. 452 [229 Pac. 40], it is said: "It has been held that to corroborate an accomplice the evidence need not establish the actual commission of the offense, nor extend to every fact and detail covered by the statements of the accomplice, or to all the elements of the offense, nor prove that the accomplice has told the truth. The corroborative evidence must tend in some slight degree, at least, to implicate the defendant. While it need not be strong, more is required by way of corroboration than mere suspicion. It is sufficient if the corroborating evidence tends to connect the defendant with the commission of the offense, though if it stood alone it would be entitled to little weight. It is not necessary to corroborate the accomplice by direct evidence. If the connection of the accused with the alleged crime may be inferred from the corroborating evidence in the case it is sufficient."

The testimony of the accomplice was to the effect that appellant not only participated in the burglary but also in securing a place to store the stolen property. It should not be necessary to extend this opinion by detailing

the corroborating evidence. It should be sufficient to state that we have examined the record and believe it sufficient under the rule just quoted.

The misconduct of the trial judge urged as reversible error occurred in the following colloquy which came at the end of the People's case: "Mr. Frame: Does the Court think there is sufficient corroboration in this case to go on? The Court: I think so. Mr. Frame: All right. Call the defendant, Roy Myers." Of course, it must be admitted that the remark of the trial judge should not have been made in the presence of the jury, but appellant directly asked for it through his attorney. He did not assign it as error and did not request that the jurors be instructed to disregard it. A defendant cannot lead a trial judge into error, fail to call his attention to the error, or assign the error, and then expect the judgment to be reversed on appeal. Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 22, 1934.