THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO SERRANO CLAUDIO, Defendant and Appellant.

No. 11463. Argued June 13, 1946.—Decided July 24, 1946.

R. A. Arroyo Ríos for appellant. E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General, and J. Correa Suárez, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On February 4, 1946, a complaint was filed in the Municipal Court of San Lorenzo against Pedro Serrano Claudio for the crime of aggravated assault and battery and it was stated therein that the crime was committed on October 27, 1946, that is, more than eight months after the filing of the complaint. Based on these facts and on §§ 78 and 82 of the Code of Criminal Procedure, the defendant moved the lower court for the dismissal of the complaint. The court overruled the motion, relying on People v. Ramos, 28 P.R.R. 749, and People v. Albino 38 P.R.R. 193, and the defendant then pleaded guilty; and he took the present appeal from the judgment whereby he was sentenced to serve one year in jail.

The only error he assigns is that the lower court overruled his motion for dismissal.

Pursuant to § 78 of the Code of Criminal Procedure, the precise time at which the offense was committed need not be stated in the information, but it may be alleged that it was committed "at any time before" the filing thereof except in those cases where the time is an essential element of the offense; and § 82 provides that the information is

sufficient if it can be understood therefrom: " . . . 5. That the offense was committed at some time prior to the time of filing the information."

The two cases invoked by the lower court in deciding defedant's motion are not applicable to the case at bar. It was decided in both cases that the court did not err in permitting, on motion of the district attorney, an amendment to the information and to the complaint as to the date when the offense charged was committed in order to conform them to the evidence introduced. In the case at bar no evidence was introduced and the district attorney never suggested to amend the complaint. The court, *per se,* after citing the aforesaid cases decided that "the defect noted in the information (*sic*) as to the date is a mere typographical error, and since the complaint was filed on February 4, 1946, we must conclude that the year which should have been alleged in the body of the complaint as to the commission of the offense was 1945."

This reasoning would be correct under the law if, as in the cases cited, there was any evidence warranting it. However, what basis is there to presume that the typographical error referred to by the lower court solely applies to the year 1945 and that the offense necessarily took place in said year and not in 1944? For the purpose of the one-year prescription provided by § 79 of the Penal Code, the defendant was entitled to know, if not the exact date, at least that the prescriptive period of one year had not expired. As we stated in *People* v. *Díaz* 61 P.R.R. 673 : "Time is not an essential ingredient of the offense of adulterating milk if it is *alleged* and *proved* that the crime was committed prior to the filing of the information and *within the prescriptive period. . . ."* (Italics ours.)

In a *per curiam* decision rendered in *People* v. *Ortiz* on April 25, 1945, we reversed the judgments of conviction passed on the defendant for the offenses of carrying weapons and

a violation of Act No. 14 of 1936 because the evidence for for the prosecution—the only one introduced—showed that the offense had taken place subsequent to the filing of the information.

The assistant prosecuting attorney of this court contends that we should apply the doctrine established in *People* v. *Myers,* 37 P. (2d) 191, and cases cited therein, construing subdivision 5 of § 959 of the California Penal Code equivalent to § 82, *supra.* Let us see.

In the *Myers* case an information for burglary in the first degree was filed on *April 5, 1934* and it was alleged therein that the offense took place on *December 20, 1934.* Trial was held without any objection being made by the defendant to the information. The evidence for the prosecution showed that the offense was committed on *December 20, 1933.* Upon taking an appeal, the defendant raised for the first time the·question that the information did not charge an offense and the court held that, since under the rule of *People* v. *Squires,* 99 Cal. 327, 33 Pac. 1092, "to accuse one of the commission of a crime is to charge that it was committed prior to the accusation," the information, although defective, charged a public offense. It further held that, since the evidence showed that the offense was committed prior to the filing of the information, and since the defect in the information was not assigned as error in the lower court, the appellant suffered no possible prejudice from the mistaken date in the information which was clearly a typographical error.

Now, the words used in the *Squires* case, copied in the *Myers* case, were in relation to an information filed on June 7, 1892, which charged the offense of bribery committed on the same day, June 7, and the court said:

"To accuse one of the commission of a crime is to charge that it was committed prior to the accusation. Where the indictment expressly states that an offense was committed on a date subsequent to the day of the accusation, it charges an impossible act. On the face of the indictment, therefore, the accused cannot be guilty.

Under a statute like ours, I think this is all there can be in a point of his character. But that is not this case. One may be accused of an offense on the very day of its commission; and, as already said, to accuse is to state that the act charged was prior to the accusation.'' (Italics ours.)

As may be seen, the cases of *People* v. *Myers* and *People* v. *Squires, supra,* are clearly distinguishable by their facts from the present case. In the former case there was evidence of the date on which the offense was committed prior to the filing of the information and within the prescriptive period, and, moreover, the sufficiency of the information was never challenged: and in the second case, it was held that an information could be filed on the same date the offense was committed inasmuch as to accuse a person of committing a crime on the same day the information was filed was to charge that it was committed prior to the filing thereof. However, in the same case of *Squires* it was decided that the accused could not be guilty on the face of an indictment of an offense charged therein to have been committed on a date subsequent to its filing. Both cases cite *People* v. *Moody,* 69 Cal. 184, 10 Pac. 392, wherein it was held: ''It is sufficient to say, the information as filed stated no offense for the commission of which the defendants could be tried, in that the day of the alleged commission of the offense was a day after the accusation was made; therefore no offense was charged.''

The prosecuting attorney urges that by pleading guilty defendant accepted the decision of the court as correct and that the information charged an offense, and that ''if he really did not commit the offense he should have confronted the evidence against him in order to prove once more that said evidence was impossible since he had not committed any offense, because the day of its commission was in the womb of the future.''

We do not agree. We have held that: ''If the facts alleged in an information do not constitute any offense, a plea of guilty upon arraignment and after a demurrer had

been overruled does not prevent the appellate court from considering whether the information charges a crime and acquitting the defendant in case it does not." *People* v. *Garcia*, 23 P.R.R. 678. Defendant by pleading guilty waives all defense other than that the indictment charged no offense, *Kachnic* v. *United States* 53 F. (2d) 312 (C.C.A. 9); and accepts only the acts charged, but he is not barred from alleging that said acts do not constitute an offense. *State* v. *Bergeron*, 152 La. 38, 92 So. 726.

■■ Assuming, without deciding, that the error in the dates set forth in the complaint was merely a typographical one, what we decide is that the lower court could not presume that the date which ought to have been alleged in the complaint, as to the year, should have been 1945 instead of 1946, in the absence of an amendment in the complaint to that effect. It not only involved the question of whether the offense had been committed prior to the filing of the complaint, but also that the prescriptive period of one year provided by §79 of the Penal Code for misdemeanors had not expired. It is true that the defendant only raised the question that it was not alleged in the complaint that the offense had been committed prior to the date of the filing of the complaint. But if the offense charged took place for instance, in 1944, he could have also challenged the complaint on the ground that the prescriptive period of one year provided by § 79 of the Penal Code for misdemeanors had expired. Although the precise moment of the commission of the act need not be alleged, provided it were committed on a date prior to the filing of the complaint or information, where a prescriptive period for prosecutions has been established, a date within said term should be alleged.

It has been so decided in California, as stated in *People* v. *Miller*, 12 Cal. 291, 4: "The object of pleading is to apprise a party of the precise charge made against him, and to enable him to defend himself and to avail himself of all

his legal rights and privileges. It is generally true that every essential fact must be stated in the indictment; and this means every fact material to the offense of which the party may be convicted; *and the allegation of a day within the period of limitation is material, whenever the offense is subject to limitation.* (Whart. Cr. L., 111 and 114.) . . .

"It is true that the Statute of Limitations excludes from computations the time the defendant may be out of the State, but the rule is, that this exception must be stated in the pleading. *Prima facie*, the lapse of time is a good defense and if the statutory exception is relied on, the State should set it up. This is the rule in civil pleadings under our system, and it is not less strict in criminal cases." (Italics ours.)

In *People* v. *McGee*, 1 Cal. (2d) 611 (1934), after stating that there was some confusion as to whether the prescriptive period was jurisdictional in criminal cases, the court said:

"It is necessary that this confusion be eliminated, and that the rule which shall govern prosecutions in this state be declared. In our view, the more desirable rule is that the statute is jurisdictional, and that an indictment or information which shows on its face that the prosecution is barred by limitations fails to state a public offense. The point may therefore be raised at any time, before or after judgment."

How may a defendant raise the question of prescription if on the face of the information or complaint there is no definite date to determine whether the prescriptive period has elapsed? In our opinion, since the allegation of a day which falls within the prescriptive period is a jurisdictional question, the date should appear in the information or complaint.

In the case at bar a new complaint may be filed, and therefore the judgment must be reversed and the case remanded to the lower court for further proceedings.

Mr. Justice Snyder dissented.