238 P.2d 402

Ex parte RUBENS.

RUBENS v. BOIES, Sheriff et al.

No. 5456.

Supreme Court of Arizona.

Nov. 26, 1951.

Rehearing Denied Jan. 8, 1952.

Geo. F. Macdonald, of Phoenix, for appellant.

Fred O. Wilson, Atty.Gen., and Chas. Rogers, Asst. Atty. Gen., for appellees.

LA PRADE, Justice.

This proceeding presents an appeal from an order of the Superior Court of Maricopa County denying the discharge of appellant on a writ of habeas corpus that had theretofore been issued for the purpose of inquiring into the legal cause for the arrest and detention of appellant by the respondents below. By the response of Earl O'Clair, Chief of Police of the City of Phoenix, he admitted that appellant was physically confined in the city jail of the city of Phoenix which was under his jurisdiction; alleged that he had had physical and legal custody of appellant under and pursuant to a fugitive from justice warrant theretofore issued

by the Justice Court of the West Phoenix Precinct, Maricopa County, Arizona, but that he had surrendered legal custody of appellant to H. M. Morris, "deputy sheriff and lieutenant of Solano County, California", under and pursuant to the warrant of the Governor of the State of Arizona granting extradition of appellant to the state of California, and designating said Morris as the agent of the state of California to receive and take appellant into custody.

Request for extradition of appellant to the state of California had been regularly presented to the governor of the state of Arizona and by him granted as evidenced by his warrant for extradition. Subsequent to the issuance of this warrant, counsel for appellant filed his petition with the Superior Court of Maricopa County seeking a writ of habeas corpus for and on behalf of appellant upon the ground that the appellant was illegally and unlawfully restrained of his liberty. The facts of illegality relied upon were:

1. The supporting affidavits for the issuance of the warrant of arrest by the California justice court were not sworn to before a magistrate as required by section 3182 of Title 18 U.S.C.A., where the same are to be used for the purpose of extradition.

2. The criminal complaint lodged in the justice court of the state of California failed to charge a criminal offense.

The application for a requisition on the governor of the state of Arizona for the arrest and rendition of appellant was regularly presented by the Honorable Earl Warren, Chief Executive of the state of California. The application contained:

1. A copy of the complaint in the California justice court.

2. A copy of the California warrant for arrest.

3. The verified application of the district attorney of Solano County, California, alleging on information and belief that the accused was personally and physically present in the state of California at the time of the commission of the offense charged and that to avoid arrest and prosecution had fled from the justice of said state and was under arrest at Phoenix, Arizona.

4. Affidavit of the California deputy sheriff, based upon information and belief, to the effect that accused was a fugitive from justice of the state of California and in custody at Phoenix, Arizona, which information and belief was shown to be predicated upon an exchange of telegrams between himself and the chief of police of Phoenix, Arizona, and was set forth in the affidavit.

5. Affidavits of several individuals. One of these affidavits was executed by George O. Davies who signed the complaint in the California justice court. The propriety and

significance of this affidavit will be considered later.

The complaint before the justice of the peace recites that the complainant personally appeared before the justice of the peace and, after being first duly sworn, complained and accused Rubens of the crime of felony, to wit: violation of section 25500 of the Corporations Code of California, as more specifically set out in five separate counts. Count V reads as follows:

"As a separate and distinct offense, being a different offense of the same class of crimes and not connected in its commission with the offenses set forth in Counts I, II, III, and IV hereof, said Frank S. Rubens on or about the 19th day of October, 1948, at and in Vallejo Township, County of Solano, State of California, did then and there wilfully, unlawfully and feloniously sell a security of his own issue, to wit, a participating share in the Morton Petroleum Company to one George O. Davies, without having theretofore first applied for and secured from the Commissioner of Corporations of the State of California, a permit authorizing him so to do.

"All of which is contrary to the form, force and effect of the Statute in such case made and provided, and against the peace and dignity of the People of the State of California."

Count I was to the same effect, except the alleged offense occurred on October 18, 1947, and the sale was made to one Walter L. Gant. Count II alleged a sale on October 22, 1947, to Richard A. Schmidt. Count III alleged a sale on May 22, 1948 to Delphine M. Endicott. Count IV alleged a sale on September 11, 1948 to Walter L. Gant. It was upon this complaint alone that the warrant of arrest was issued by the California justice of the peace.

Counsel for appellant has overburdened us with some 226 pages of brief, 17 assignments of error, assertedly fortified by 29 propositions of law. Neither time nor the meritorious issues involved will permit us to treat the assignments seriatim. It is enough that the court has been imposed upon by a long, tedious and repetitious brief on the general law of extradition.

There are certain well-defined rules relating to interstate extradition, some of which it will be necessary for us to consider, as follows:

1. "On the presentation of a requisition for a fugitive from justice, the governor of the asylum state must determine that the person demanded is substantially charged with a crime and is a fugitive from justice". 35 C.J.S., Extradition, § 15, page 339. The first of these considerations presents a question of law, while the second is a question of fact. (id.)

2. The accused must be charged by indictment or information or an affidavit made before a magistrate. (id.)

3. Before he issues his warrant, the governor must determine the jurisdictional

facts but in so doing he is not required to demand proof apart from the proper requisition papers. (id.)

4. The governor is entitled to act on a statement in an affidavit accompanying the requisition that accused is a fugitive from justice, but such affidavit is not conclusive, and may be refuted, but the burden of showing that he is not a fugitive rests on the accused. 35 C.J.S., Extradition, § 16 b(3), page 344; 39 C.J.S., Habeas Corpus, § 39, page 555.

5. The governor's warrant is not final and conclusive. Accused is entitled to bring habeas corpus. 35 C.J.S., Extradition, § 17, page 347; 39 C.J.S., Habeas Corpus, § 39, page 548. When it comes before the court on habeas corpus, the court is under the same duty to find the jurisdictional facts, viz.:

1. That the complaint was made on an affidavit.

2. That it substantially charges an offense.

3. That it is made to appear that accused is a fugitive.

6. The law regulating interstate extradition is controlled by the federal statutes and its interpretation by the Supreme Court of the United States. State v. Riccardi, 68 Ariz. 180, 203 P.2d 627; 35 C.J.S., Extradition, § 2, page 318. Our statutes relating thereto, Secs. 44–3601 to 44–3630, A.C.A. 1939, are in harmony with the federal statute, sec. 3182, Title 18 U.S.C.A. Waller v. Jordan, 58 Ariz. 169, 118 P.2d 450, 143 A.L.R. 1349.

■■ Appellant assigns as error the fact that the returns made by the several officers were not signed as required by section 44–3308. This section requires that the return to the writ must be signed by the person making the same, and by the person having custody of the accused. The returns were signed by the deputy county attorney. The writ was issued on the morning of November 8, 1950, and made returnable at 11:15 a. m. The clerk's minute entries indicate that the accused was present with counsel in court before the judge who issued the writ at 11:35 a. m., at which time a motion was made to release accused in the custody of his counsel. This request was denied. An order was made remanding the accused to the custody of George U. Young, captain, chief of detectives, city of Phoenix, with instructions to deliver the body of the accused in court at 3:30 p. m. The record does not indicate who produced the accused in the first instance but presumably it was some one of the officers to whom the writ was directed. At 3:30 p. m. the accused was again produced in court at which time arguments were presented and the accused and his wife were sworn and testified at their request. At that time no objection was made to the fact that the returns were not signed by the respective officers. In view of these circumstances, we are of the opinion that the accused waived the irregu-

larity existing in the signing of the returns in that he proceeded to a determination of the matter on its merits. Section 44–3308, being procedural, is a mere rule of court and its prescription is in no sense jurisdictional.

We next take cognizance of appellant's assignments of error to the effect that the California warrant of arrest was not issued upon affidavits made before a magistrate. One of the affidavits complained of was signed by the complaining witness and was not executed before a magistrate. Several other affidavits which accompanied the request for extradition were signed before a notary public but not before the magistrate who issued the warrant. These affidavits attempted to bolster the charge made by the complaining witness who signed the criminal complaint. These affidavits were wholly unnecessary in that they attempted to offer proof of the guilt of the accused which was not in issue before the governor or the court on habeas corpus. In re Harper, 17 Cal.App.2d 446, 62 P.2d 390, citing cases. The affidavit referred to in section 3182, U.S.C.A., supra, refers to the affidavit which must be made before the magistrate who issues the warrant of arrest. The warrant of arrest in this case was issued upon the verified complaint of the complaining witness. A verified complaint made before a magistrate is the same as an affidavit. State ex rel. Rogers v. Murnane, 172 Minn. 401, 215 N.W. 863; Ex parte Davis, 333 Mo. 262, 62 S.W.2d 1086, 89

A.L.R. 589; State ex rel. Webster v. Moeller, 1934, 191 Minn. 193, 253 N.W. 668; People ex rel. Gates v. Mulcahy, 392 Ill. 498, 65 N.E.2d 21; 35 C.J.S., Extradition, § 14, pages 333, 334.

The next assignment of error and propositions of law in support thereof challenge the sufficiency of the complaint to charge a criminal offense. It is asserted that the complaint is insufficient in that it charges that the offense was committed "on or about" a certain date. The sufficiency of a complaint or indictment is to be determined by the law applicable where the complaint is laid. Person v. Morrow, 10 Cir., 1940, 108 F.2d 838; 35 C.J.S., Extradition, § 14b, page 335; 39 C.J.S., Habeas Corpus, § 39, page 554. According to the California law, sections 955, 959, Penal Code, it is sufficient to charge in a criminal complaint that an offense was committed "on or about" a certain date. People v. Miller, 137 Cal. 642, 70 P. 735; People v. Myers, 1 Cal. App.2d 620, 37 P.2d 191.

Appellant challenges the sufficiency of the complaint to state a public offense, asserting that it appears from the face of the complaint that no public offense is stated. He points out that the complaint charges that the accused sold "a security of his own issue, to wit, a participating share in the Morton Petroleum Company to one George O. Davies, without having theretofore first applied for and secured from the Commissioner of Corporations of the State of California a permit authorizing him so to

do", and that it thus appears on the face of the complaint that the security sold was that of the Morton Petroleum Company, and not of the issue of appellant. The complaint on its face does *not* show that Morton Petroleum Company is a corporation and thus a legal entity different and other than the accused. It might be that on trial before the California court, it will or may be determined that there is a variance in the proof and the allegations if it should appear that Morton Petroleum Company was in fact a corporation. · It might also appear on trial that Morton Petroleum Company and the accused are one and the same person. It is of no consequence here that in the accompanying affidavit of the complaining witness (presumably furnished as a proof of guilt) made *subsequent* to the affidavit (verified complaint) which he signed before the magistrate it appears that the receipt given to the complaining witness acknowledging receipt of his purchase money was signed by "Morton Petroleum Company by Frank S. Rubens for the sellers". This affidavit made subsequent to the verified complaint on which the warrant was issued may or may not impeach the complaint before the magistrate, but we are not here concerned with the guilt or innocence of the accused or that the complaining witness has subsequently made contradictory statements to those contained in the original affidavit (verified complaint).

■ Unless the indictment or affidavit is clearly void, its validity will be left to the courts of the demanding state. Downey v. Hale, 1 Cir., 67 F.2d 208, certiorari denied 291 U.S. 662, 54 S.Ct. 438, 78 L.Ed. 1053; People ex rel. Hayes v. McLaughlin, 247 N.Y. 238, 160 N.E. 357, reversing 220 App. Div. 818, 222 N.Y.S. 880, certiorari denied 278 U.S. 599, 49 S.Ct. 8, 73 L.Ed. 529; 35 C.J.S., Extradition, § 14, page 336.

"The question to be considered by the asylum state is whether the indictment or affidavit satisfactorily shows that the fugitive has in fact been charged, however inartificially, with a crime in the state from which he fled." 35 C.J.S., Extradition, § 14, page 336.

"If more were required it would impose upon courts * * * the duty of a critical examination of the laws of states with whose jurisprudence and criminal procedure they can have only a general acquaintance. Such a duty would be an intolerable burden, * * * irritable to the just pride of the states, and fruitful of miscarriages of justice." Pierce v. Creecy, 210 U.S. 387, 28 S.Ct. 714, 720, 52 L.Ed. 1113.

■ We are of the opinion that the criminal complaint substantially charged appellant with a violation of section 25500 of the Corporations Code of California as more specifically set forth in Count V of the complaint quoted supra, and with such certainty as would justify the California magistrate to commit the accused for trial.

We think that the order of the court refusing to discharge the appellant was correct. It is therefore affirmed.

UDALL, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.